501 S.E.2d 457

**Roger Lee JETT**

v.

**COMMONWEALTH of Virginia.**

**Record No. 1698–97–4.**

Court of Appeals of Virginia,
Alexandria.

July 14, 1998.

Elwood Earl Sanders, Jr., Director Capital/Appellate Services, Woodbridge (Jay K. Wilk, Assistant Public Defender; Public Defender Commission, on briefs), for appellant.

Daniel J. Munroe, Assistant Attorney General (Mark L. Earley, Attorney General, on brief), for appellee.

Present: FITZPATRICK, C.J., BENTON, J., and DUFF, Senior Judge.

FITZPATRICK, Chief Judge.

Roger Lee Jett (appellant) was convicted in a jury trial of object sexual penetration in violation of Code § 18.2–67.2 and sodomy in violation of Code § 18.2–67.1. Appellant contends the trial court erred in denying his motion to strike the object sexual penetration charge because the victim's testimony was legally insufficient to prove penetration. For the following reasons, we affirm the conviction.

## I.

Viewed in the light most favorable to the Commonwealth, *see Phillips v. Commonwealth,* 25 Va.App. 144, 155, 487 S.E.2d 235, 240–41 (1997), the evidence adduced at trial established that appellant was the nine-year-old victim's uncle by marriage, and he lived with the victim and her mother. The victim testified that when she was alone with appellant he "taught [her] to use a hairbrush ... to make [herself] feel good." She further testified as follows:

Q: And how did you ... just describe for the ladies and gentlemen of the jury what you did with that brush.

A: I would lay it on the outside of my pookie [a term the victim used for her vagina], and rub it.

Q: Around, back and forth, or what?

A: Back and forth.

The victim also testified that appellant told her to do the same things with her Barbie doll, and when he tucked her in at night he would sometimes use his finger or his tongue and "rub my pookie back and forth." Furthermore, the victim complained that her vaginal area "kept on hurting." The victim's mother described her daughter's vaginal problem as "a nightly routine of screaming and crying, and sitting in sitz baths in the tub because her [vaginal area] hurt." The mother said she would examine the victim's vaginal area and "[i]t would be red and rashed. A lot of times, the clitoris would be very swollen."

At trial appellant moved to strike the charges and later renewed this motion on the ground that the Commonwealth adduced insufficient evidence of penetration of the labia majora. The trial court denied the motion, finding that "we've got a jury question, and I think we can certainly submit the evidence to the jury, on both charges." The jury convicted appellant, and he was sentenced to ten years imprisonment for each offense.

## II.

Appellant contends the evidence of penetration related to the violation of Code § 18.2–67.2 was in equipoise and therefore legally insufficient to sustain the conviction of object sexual penetration.[1] We disagree.

"On review, this Court does not substitute its judgment for that of the trier of fact. Instead, the jury's verdict will not be set aside unless it appears that it is plainly wrong or

---

1. At oral argument, appellant raised for the first time the contention that the Commonwealth failed to prove penetration with an inanimate object when the testimony indicated that appellant's finger and tongue were also possible sources of the vaginal and clitoral irritation. However, at trial and in his petition for appeal, appellant "failed to specifically assert that the evidence was insufficient to prove sexual penetration with an inanimate rather than an animate object, as required to preserve the issue for appeal." *Marshall v. Commonwealth*, 26 Va.App. 627, 637, 496 S.E.2d 120, 125 (1998) (Rule 5A:18 barred review of inanimate object penetration conviction that constituted underlying felony for first degree murder conviction). "Pursuant to Rule 5A:18, this Court will not consider trial court error as a basis for reversal where no timely objection was made." *Id.* at 636, 496 S.E.2d at 125. The record reveals no good cause for appellant's failure to object in the trial court, nor is it necessary for us to consider the issue in order to attain justice in the case. Furthermore, "Rule 5A:12(c) provides that '[o]nly questions presented in the petition for appeal will be noticed by the Court of Appeals.'" *Perez v. Commonwealth*, 25 Va.App. 137, 139 n. 2, 486 S.E.2d 578, 579 n. 2 (1997). Consequently the question presented on appeal is limited to the following: "Whether the trial court erred in denying the motion to strike as to the object penetration when the evidence in favor and against penetration in the Commonwealth's direct testimony of the victim is at equipoise and thus legally insufficient to prove penetration."

without supporting evidence." *Canipe v. Commonwealth*, 25 Va.App. 629, 644, 491 S.E.2d 747, 754 (1997).

 Code § 18.2–67.2 provides:

An accused shall be guilty of inanimate or animate object sexual penetration if he or she penetrates the labia majora or anus of a complaining witness....

"Penetration may be proved by circumstantial evidence and is not dependent on direct testimony from the victim that penetration occurred." *Morrison v. Commonwealth*, 10 Va.App. 300, 301, 391 S.E.2d 612, 612 (1990) (although twelve-year-old victim was not asked whether penetration occurred, her testimony regarding circumstances surrounding incident and medical evidence of penetration were sufficient to prove rape). "[C]ircumstantial evidence may be more compelling and persuasive than direct evidence, and when convincing, it is entitled to as much weight as direct evidence." *Bridgeman v. Commonwealth*, 3 Va.App. 523, 526, 351 S.E.2d 598, 600 (1986). For the purposes of Code § 18.2–67.2, as well as the statutes prohibiting rape and forcible sodomy, penetration " 'need be only slight.' " *Horton v. Commonwealth*, 255 Va. 606, 612, 499 S.E.2d 258, 261 (1998) (citation omitted) (addressing forcible sodomy under Code § 18.2–67.1). *See Love v. Commonwealth*, 18 Va.App. 84, 89, 441 S.E.2d 709, 712 (1994) ("the legislature intended to mandate the same degree of penetration for all of these offenses").

 The anatomical structure of the female genitalia is significant in relation to the element of penetration of the labia majora at issue in this case.

The female external genitalia, starting with the outermost parts, are: "the mons pubis, the labia majora et minora pudendi, the clitoris, vestibule, vestibular bulb and the greater vestibular glands. The term 'vulva' ... includes all these parts."

*Horton*, 255 Va. at 612, 499 S.E.2d at 261 (quoting Henry Gray, Anatomy, Descriptive and Surgical 1446 (Peter L. Williams et al eds., 37th ed.1989)). The Supreme Court has held as follows:

"[P]enetration of any portion of the vulva, which encompasses the external parts of the female sex organs considered as a whole and includes, beginning with the outermost parts, the labia majora, labia minora, hymen, vaginal opening and vagina ... is sufficient to establish the element of penetration."

*Moore v. Commonwealth*, 254 Va. 184, 190, 491 S.E.2d 739, 742 (1997) (quoting *Love v. Commonwealth*, 18 Va.App. 84, 88, 441 S.E.2d 709, 712 (1994)). "Penetration of the vaginal opening ... clearly [is] not required." *Love*, 18 Va.App. at 88, 441 S.E.2d at 712. According to the anatomical description, the clitoris lies within the labia majora; therefore, evidence of penetration or stimulation of the clitoris is sufficient to establish penetration of the labia majora under Code § 18.2–67.2. *Cf. Horton*, 255 Va. at 613, 499 S.E.2d at 261–62 (evidence of oral stimulation of the vulva or clitoris constituted penetration for the purpose of proving forcible sodomy under Code § 18.2–67.1).

■ In the instant case, although the victim's testimony that appellant taught her to rub the hairbrush or the Barbie doll "on the outside of my pookie" did not establish penetration, the Commonwealth also introduced circumstantial evidence from which the jury could reasonably conclude penetration had occurred. The child testified that her vagina frequently hurt. Her mother testified that the victim's vaginal area was often red, rashed, and her "clitoris would be very swollen." On a nightly basis, the child would be "screaming and crying, and sitting in sitz baths in the tub because her pookie hurt." The problem was so severe that the victim and her mother sought medical attention "many times." The evidence of the victim's pain and swollen clitoris established the element of penetration. Therefore, we cannot hold that the verdict was unsupported by the evidence or plainly wrong.

Appellant likens the instant facts to those in *Moore*, where the victim testified that the defendant put his penis "on" her vagina, and the Supreme Court overturned the conviction for insufficient evidence of the essential element of penetration.

*See Moore,* 254 Va. at 189, 491 S.E.2d at 741 (holding proof of penetration is legally insufficient if the evidence is "in a state of equipoise" based on the Commonwealth's case-in-chief). Appellant contends in the absence of medical or forensic evidence the mere complaint of vaginal discomfort by the victim is insufficient to sustain his conviction.

Appellant's reliance on *Moore* is misplaced, because in *Moore* the victim, *who provided the only evidence of penetration,* gave "two different accounts of the essential facts relating to" penetration. *Id.* at 189, 491 S.E.2d at 742. She testified that the defendant's penis had been "in" her vagina interchangeably with her testimony that it had been "on" her vagina. *Id.* at 189, 491 S.E.2d at 741–42. Furthermore, the minor victim in *Moore* was unaware of the "intricate structure of her sexual organ," and it was "clear from the evidence that when she referred to her 'vagina,' she was describing the external part of that portion of her anatomy." *Id.* at 190, 491 S.E.2d at 742. In light of the victim's equivocal testimony and *without medical, forensic, or other corroborating evidence* to indicate penetration of the victim's genitalia, the Supreme Court reversed the conviction in *Moore.*

The instant victim's testimony resembled that of the victim in *Moore,* because she said "on the outside of my pookie." However, here, unlike *Moore,* the Commonwealth presented additional evidence of penetration, which was uncontradicted within its case-in-chief. The victim's testimony describing the use of the hairbrush and the doll and her mother's testimony that the victim required repeated treatment and medical attention for her vaginal pain supported the reasonable inference that penetration had occurred. Testimony from the victim that the hairbrush or doll had penetrated her labia majora was unnecessary in light of her mother's direct and anatomically specific testimony that the victim's clitoris was swollen. The combination of direct and indirect evidence of penetration presented here is distinguishable from the equivocal testimony of the child victim in *Moore,* which was the sole evidence of penetration in that case. The instant evidence

was not insufficient as a matter of law, and the jury could conclude beyond a reasonable doubt that penetration occurred.

For the foregoing reasons, the conviction is affirmed.

*Affirmed.*

BENTON, Judge, dissenting.

The conviction in this case was the result of an indictment that charged "Roger Lee Jett did unlawfully and feloniously penetrate the labia majora, of a female child under the age of thirteen, with an inanimate object, in violation of [Code § ] 18.2–67.2." At the conclusion of the Commonwealth's case-in-chief, the following discussion occurred:

[DEFENSE COUNSEL]: ... I make a motion to strike, as to both charges. I didn't hear any testimony or other evidence of any penetration.

THE COURT: Of what?

[DEFENSE COUNSEL]: Penetration of the ... [.] Which is a requirement of these offenses. And also I would move to strike on the ground that the Commonwealth has not ... in the light most favorable to the Commonwealth, has not made out a *prima facie* case for either of these offenses.

THE COURT: All right.

[PROSECUTOR]: Your Honor, with respect to the *prima facie* case, I think there is more than a *prima facie* case made, Your Honor. There is direct testimony as to the oral sex that took place—

THE COURT: You don't have to address the sodomy. I don't think [defense counsel] will. But on the penetration, I think, maybe that is the one you need to—

[PROSECUTOR]: Your Honor, I think that is ... [.] And I understand where [defense counsel] is coming from, but I think it is a question ... [.] The testimony is that—from the mother as well as the daughter—that the hairbrush was used—and this is testimony from the daughter—that the hairbrush was used to massage the top of her

vaginal area, for her to have an orgasm. Or have her feel good, I think was what her testimony was.

The purpose of that evidence, and the use of the hairbrush, requires some type of penetration to get to that very part of the vaginal area, to have an orgasm or penetration, or to feel good....

The trial judge denied the motion to strike the evidence. At the conclusion of all the evidence, defense counsel renewed the motion to strike the evidence for the reasons stated in the earlier motion. The trial judge again denied the motion. Thus, I would hold that Jett is not barred from arguing that the Commonwealth failed to prove penetration by an inanimate object, as charged in the indictment.

The evidence failed to prove beyond a reasonable doubt that the child was penetrated by an inanimate object. The evidence concerning the child's irritated vaginal area is equally explained by Jett's use of his tongue on the child's vaginal area. However, he was convicted of sodomy at this trial for that offense. A reasonable inference that the child's discomfort was caused by either Jett's tongue or the child's use of the inanimate object "on the outside" of her vaginal area does not suffice to prove beyond a reasonable doubt that the child was penetrated by an inanimate object. *See Moore v. Commonwealth,* 254 Va. 184, 491 S.E.2d 739 (1997).

Because the evidence was insufficient to prove beyond a reasonable doubt penetration by an inanimate object, I would reverse the conviction.