Tuesday        18th

August, 1998.


Roger Lee Jett,                                              Appellant,

 against       Record No. 1698-97-4
               Circuit Court Nos. CR96-343 and CR96-344

Commonwealth of Virginia,                                    Appellee.


Upon a Petition for Rehearing En Banc

Before Chief Judge Fitzpatrick, Judges Benton, Coleman, Willis,
Elder, Bray, Annunziata, Overton, Bumgardner and Senior Judge Baker*


On July 16, 1998 came the appellant, by court-appointed counsel, and filed a petition praying that the Court set aside the judgment rendered herein on July 14, 1998, and grant a rehearing en banc thereof.

On consideration whereof, the petition for rehearing en banc is granted, the mandate entered herein on July 14, 1998 is stayed pending the decision of the Court en banc, and the appeal is reinstated on the docket of this Court.

The parties shall file briefs in compliance with Rule 5A:35. It is further ordered that the appellant shall file with the clerk of this Court ten additional copies of the appendix previously filed in this case.

_____

  *Judge Baker participated in the decision of this petition for rehearing en banc prior to the effective date of his retirement on July 31, 1998 and thereafter by his designation as senior judge pursuant to Code § 17-116.01.

     A Copy,

      Teste:

        Cynthia L. McCoy, Clerk

      By:

        Deputy Clerk

COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Benton and
          Senior Judge Duff
Argued at Alexandria, Virginia


ROGER LEE JETT
                                      OPINION BY
v.      Record No. 1698-97-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                      JULY 14, 1998
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF SHENANDOAH COUNTY
                 Perry W. Sarver, Judge Designate

           Elwood Earl Sanders, Jr., Director
           Capital/Appellate Services (Jay K. Wilk,
           Assistant Public Defender; Public Defender
           Commission, on briefs), for appellant.

           Daniel J. Munroe, Assistant Attorney General
           (Mark L. Earley, Attorney General, on brief),
           for appellee.


     Roger Lee Jett (appellant) was convicted in a jury trial of

object sexual penetration in violation of Code § 18.2-67.2 and

sodomy in violation of Code § 18.2-67.1.  Appellant contends the

trial court erred in denying his motion to strike the object

sexual penetration charge because the victim's testimony was

legally insufficient to prove penetration.  For the following

reasons, we affirm the conviction.

                               I.

     Viewed in the light most favorable to the Commonwealth, see

Phillips v. Commonwealth, 25 Va. App. 144, 155, 487 S.E.2d 235,

240-41 (1997), the evidence adduced at trial established that

appellant was the nine-year-old victim's uncle by marriage, and

he lived with the victim and her mother.  The victim testified

that when she was alone with appellant he "taught [her] to use a hairbrush . . . to make [herself] feel good." She further testified as follows:

Q: And how did you . . . just describe for the ladies and gentlemen of the jury what you did with that brush.
A: I would lay it on the outside of my pookie [a term the victim used for her vagina], and rub it.
Q: Around, back and forth, or what?
A: Back and forth.

The victim also testified that appellant told her to do the same things with her Barbie doll, and when he tucked her in at night he would sometimes use his finger or his tongue and "rub my pookie back and forth." Furthermore, the victim complained that her vaginal area "kept on hurting." The victim's mother described her daughter's vaginal problem as "a nightly routine of screaming and crying, and sitting in sitz baths in the tub because her [vaginal area] hurt." The mother said she would examine the victim's vaginal area and "[i]t would be red and rashed. A lot of times, the clitoris would be very swollen."

At trial appellant moved to strike the charges and later renewed this motion on the ground that the Commonwealth adduced insufficient evidence of penetration of the labia majora. The trial court denied the motion, finding that "we've got a jury question, and I think we can certainly submit the evidence to the jury, on both charges." The jury convicted appellant, and he was sentenced to ten years imprisonment for each offense.

-4-

## II.

Appellant contends the evidence of penetration related to the violation of Code § 18.2-67.2 was in equipoise and therefore legally insufficient to sustain the conviction of object sexual penetration.[1]  We disagree.

"On review, this Court does not substitute its judgment for that of the trier of fact.  Instead, the jury's verdict will not be set aside unless it appears that it is plainly wrong or without supporting evidence."  Canipe v. Commonwealth, 25 Va. App. 629, 644, 491 S.E.2d 747, 754 (1997).

---

[1] At oral argument, appellant raised for the first time the contention that the Commonwealth failed to prove penetration with an inanimate object when the testimony indicated that appellant's finger and tongue were also possible sources of the vaginal and clitoral irritation.  However, at trial and in his petition for appeal, appellant "failed to specifically assert that the evidence was insufficient to prove sexual penetration with an inanimate rather than an animate object, as required to preserve the issue for appeal."  Marshall v. Commonwealth, 26 Va. App. 627, 637, 496 S.E.2d 120, 125 (1998) (Rule 5A:18 barred review of inanimate object penetration conviction that constituted underlying felony for first degree murder conviction).  "Pursuant to Rule 5A:18, this Court will not consider trial court error as a basis for reversal where no timely objection was made."  Id. at 636, 496 S.E.2d at 125.  The record reveals no good cause for appellant's failure to object in the trial court, nor is it necessary for us to consider the issue in order to attain justice in the case.  Furthermore, "Rule 5A:12(c) provides that '[o]nly questions presented in the petition for appeal will be noticed by the Court of Appeals.'"  Perez v. Commonwealth, 25 Va. App. 137, 139 n.2, 486 S.E.2d 578, 579 n.2 (1997).  Consequently the question presented on appeal is limited to the following: "Whether the trial court erred in denying the motion to strike as to the object penetration when the evidence in favor and against penetration in the Commonwealth's direct testimony of the victim is at equipoise and thus legally insufficient to prove penetration."

Code § 18.2-67.2 provides:
> An accused shall be guilty of inanimate or animate object sexual penetration if he or she penetrates the labia majora or anus of a complaining witness . . . .

"Penetration may be proved by circumstantial evidence and is not dependent on direct testimony from the victim that penetration occurred." Morrison v. Commonwealth, 10 Va. App. 300, 301, 391 S.E.2d 612, 612 (1990) (although twelve-year-old victim was not asked whether penetration occurred, her testimony regarding circumstances surrounding incident and medical evidence of penetration were sufficient to prove rape). "[C]ircumstantial evidence may be more compelling and persuasive than direct evidence, and when convincing, it is entitled to as much weight as direct evidence." Bridgeman v. Commonwealth, 3 Va. App. 523, 526, 351 S.E.2d 598, 600 (1986). For the purposes of Code § 18.2-67.2, as well as the statutes prohibiting rape and forcible sodomy, penetration "'need be only slight.'" Horton v. Commonwealth, ___ Va. ___, ___, 499 S.E.2d 258, 261 (1998) (citation omitted) (addressing forcible sodomy under Code § 18.2-67.1). See Love v. Commonwealth, 18 Va. App. 84, 89, 441 S.E.2d 709, 712 (1994) ("the legislature intended to mandate the same degree of penetration for all of these offenses").

The anatomical structure of the female genitalia is significant in relation to the element of penetration of the labia majora at issue in this case.
> The female external genitalia, starting with the outermost parts, are: "the mons pubis,

> the labia majora et minora pudendi, the
> clitoris, vestibule, vestibular bulb and the
> greater vestibular glands. The term 'vulva'
> . . . includes all these parts."

Horton, ___ Va. at ___, 499 S.E.2d at 261 (quoting Henry Gray,

Anatomy, Descriptive and Surgical 1446 (Peter L. Williams et al

eds., 37th ed. 1989)). The Supreme Court has held as follows:

> "[P]enetration of any portion of the vulva,
> which encompasses the external parts of the
> female sex organs considered as a whole and
> includes, beginning with the outermost parts,
> the labia majora, labia minora, hymen,
> vaginal opening and vagina . . . is
> sufficient to establish the element of
> penetration."

Moore v. Commonwealth, 254 Va. 184, 190, 491 S.E.2d 739, 742

(1997) (quoting Love v. Commonwealth, 18 Va. App. 84, 88, 441

S.E.2d 709, 712 (1994)). "Penetration of the vaginal

opening . . . clearly [is] not required." Love, 18 Va. App. at

88, 441 S.E.2d at 712. According to the anatomical description,

the clitoris lies within the labia majora; therefore, evidence of

penetration or stimulation of the clitoris is sufficient to

establish penetration of the labia majora under Code § 18.2-67.2.

Cf. Horton, ___Va. at ___, 499 S.E.2d at 261-62 (evidence of

oral stimulation of the vulva or clitoris constituted penetration

for the purpose of proving forcible sodomy under Code

§ 18.2-67.1).

In the instant case, although the victim's testimony that

appellant taught her to rub the hairbrush or the Barbie doll "on

the outside of my pookie" did not establish penetration, the

Commonwealth also introduced circumstantial evidence from which the jury could reasonably conclude penetration had occurred. The child testified that her vagina frequently hurt. Her mother testified that the victim's vaginal area was often red, rashed, and her "clitoris would be very swollen." On a nightly basis, the child would be "screaming and crying, and sitting in sitz baths in the tub because her pookie hurt." The problem was so severe that the victim and her mother sought medical attention "many times." The evidence of the victim's pain and swollen clitoris established the element of penetration. Therefore, we cannot hold that the verdict was unsupported by the evidence or plainly wrong.

Appellant likens the instant facts to those in Moore, where the victim testified that the defendant put his penis "on" her vagina, and the Supreme Court overturned the conviction for insufficient evidence of the essential element of penetration. See Moore, 254 Va. at 189, 491 S.E.2d at 741 (holding proof of penetration is legally insufficient if the evidence is "in a state of equipoise" based on the Commonwealth's case-in-chief). Appellant contends in the absence of medical or forensic evidence the mere complaint of vaginal discomfort by the victim is insufficient to sustain his conviction.

Appellant's reliance on Moore is misplaced, because in Moore the victim, who provided the only evidence of penetration, gave "two different accounts of the essential facts relating to"

penetration.  Id. at 189, 491 S.E.2d at 742.  She testified that the defendant's penis had been "in" her vagina interchangeably with her testimony that it had been "on" her vagina.  Id. at 189, 491 S.E.2d at 741-42.  Furthermore, the minor victim in Moore was unaware of the "intricate structure of her sexual organ," and it was "clear from the evidence that when she referred to her 'vagina,' she was describing the external part of that portion of her anatomy."  Id. at 190, 491 S.E.2d at 742.  In light of the victim's equivocal testimony and without medical, forensic, or other corroborating evidence to indicate penetration of the victim's genitalia, the Supreme Court reversed the conviction in Moore.

The instant victim's testimony resembled that of the victim in Moore, because she said "on the outside of my pookie."  However, here, unlike Moore, the Commonwealth presented additional evidence of penetration, which was uncontradicted within its case-in-chief.  The victim's testimony describing the use of the hairbrush and the doll and her mother's testimony that the victim required repeated treatment and medical attention for her vaginal pain supported the reasonable inference that penetration had occurred.  Testimony from the victim that the hairbrush or doll had penetrated her labia majora was unnecessary in light of her mother's direct and anatomically specific testimony that the victim's clitoris was swollen.  The combination of direct and indirect evidence of penetration

-9-

presented here is distinguishable from the equivocal testimony of the child victim in <u>Moore</u>, which was the sole evidence of penetration in that case.  The instant evidence was not insufficient as a matter of law, and the jury could conclude beyond a reasonable doubt that penetration occurred.

For the foregoing reasons, the conviction is affirmed.

<u>Affirmed.</u>

Benton, J., dissenting.

The conviction in this case was the result of an indictment that charged "Roger Lee Jett did unlawfully and feloniously penetrate the labia majora, of a female child under the age of thirteen, with an inanimate object, in violation of [Code §] 18.2-67.2." At the conclusion of the Commonwealth's case-in-chief, the following discussion occurred:

> [DEFENSE COUNSEL]: . . . I make a motion to strike, as to both charges. I didn't hear any testimony or other evidence of any penetration.
>
> THE COURT: Of what?
>
> [DEFENSE COUNSEL]: Penetration of the . . . [.] Which is a requirement of these offenses. And also I would move to strike on the ground that the Commonwealth has not . . . in the light most favorable to the Commonwealth, has not made out a prima facie case for either of these offenses.
>
> THE COURT: All right.
>
> [PROSECUTOR]: Your Honor, with respect to the prima facie case, I think there is more than a prima facie case made, Your Honor. There is direct testimony as to the oral sex that took place--
>
> THE COURT: You don't have to address the sodomy. I don't think [defense counsel] will. But on the penetration, I think, maybe that is the one you need to--
>
> [PROSECUTOR]: Your Honor, I think that is . . . [.] And I understand where [defense counsel] is coming from, but I think it is a question . . . [.] The testimony is that--from the mother as well as the daughter--that the hairbrush was used--and this is testimony from the daughter--that the hairbrush was used to massage the top of her vaginal area, for her to have an orgasm. Or

-11-

have her feel good, I think was what her
testimony was.

The purpose of that evidence, and the use of
the hairbrush, requires some type of
penetration to get to that very part of the
vaginal area, to have an orgasm or
penetration, or to feel good. . . .

The trial judge denied the motion to strike the evidence.  At the
conclusion of all the evidence, defense counsel renewed the
motion to strike the evidence for the reasons stated in the
earlier motion.  The trial judge again denied the motion.  Thus,
I would hold that Jett is not barred from arguing that the
Commonwealth failed to prove penetration by an inanimate object,
as charged in the indictment.

The evidence failed to prove beyond a reasonable doubt that
the child was penetrated by an inanimate object.  The evidence
concerning the child's irritated vaginal area is equally
explained by Jett's use of his tongue on the child's vaginal
area.  However, he was convicted of sodomy at this trial for that
offense.  A reasonable inference that the child's discomfort was
caused by either Jett's tongue or the child's use of the
inanimate object "on the outside" of her vaginal area does not
suffice to prove beyond a reasonable doubt that the child was
penetrated by an inanimate object.  See Moore v. Commonwealth,
254 Va. 184, 491 S.E.2d 739 (1997).

Because the evidence was insufficient to prove beyond a
reasonable doubt penetration by an inanimate object, I would
reverse the conviction.

-12-