COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Willis and
          Senior Judge Overton
Argued at Alexandria, Virginia


DANIEL LOUIS MONEYMAKER
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0641-00-4     CHIEF JUDGE JOHANNA L. FITZPATRICK
                                        JANUARY 23, 2001
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF PAGE COUNTY
                   John J. McGrath, Jr., Judge

          (Robert A. Downs, on brief), for appellant.
          Appellant submitting on brief.

          (Mark L. Earley, Attorney General; Marla
          Graff Decker, Assistant Attorney General, on
          brief), for appellee.  Appellee submitting on
          brief.


     Daniel Louis Moneymaker (appellant) was convicted in a bench

trial of sexual penetration with an animate object by force,

threat or intimidation, in violation of Code § 18.2-67.2, and

attempted forcible sodomy, in violation of Code § 18.2-67.5.[1]  On

_____

     * Pursuant to Code § 17.1-413 this opinion is not
designated for publication.

     [1] The Court notes that the sentencing order indicates that
the appellant was found guilty of attempted forcible sodomy in
violation of Code § 18.2-67.1.  However, as the appellant was
found guilty under Code § 18.2-67.5, this matter is remanded to
the trial court for the sole purpose of correcting that clerical
error to reflect that the appellant was convicted of attempted
forcible sodomy under Code § 18.2-67.5.

appeal, he contends the evidence was insufficient to prove his guilt.  We disagree and affirm his convictions.[2]

## I.  Background

When an accused challenges the sufficiency of the evidence on appeal, we must examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to that evidence all reasonable inferences fairly deducible therefrom. See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).  So viewed, the evidence established that between May 22 and May 27, 1997, Jeffrey Carver (Carver) and appellant were incarcerated in the Page County jail.  Appellant frequently exposed himself to Carver and attacked him.  During these attacks, appellant told Carver that "he was going to fuck [Carver] up the ass" and "[y]ou're going to be my bitch."

On May 26, during one such attack, Carver was being held down when he "felt somebody stick their fingers up my butt."  Appellant "had his hand up underneath my butt, like that.  And I was trying to get up, and he was sticking me in the butt with his fingers." Carver was unsure how far the finger went in but it was "[e]nough to where it hurt."  Jason Campbell (Campbell), another inmate, observed this attack and corroborated Carver's testimony regarding appellant's actions and statements.  Based upon the totality of the evidence, the trial court found appellant guilty as charged.

---

[2] Appellant was also convicted of assault and battery.  He does not challenge this conviction.

-

II.  Sexual Penetration with an Animate Object

Appellant alleges that the evidence was insufficient to convict him of sexual penetration with an animate object.  In a bench trial, it is within the province of the trial court "'to assess the credibility of the witnesses and the probative value to be given their testimony.'"  Mercer v. Commonwealth, 259 Va. 235, 242, 523 S.E.2d 213, 217 (2000) (quoting Richardson v. Richardson, 242 Va. 242, 246, 409 S.E.2d 148, 151 (1991)).  "'On review, this Court does not substitute its judgment for that of the trier of fact.  Instead, the [verdict] will not be set aside unless it appears that it is plainly wrong or without supporting evidence.'"  Jett v. Commonwealth, 29 Va. App. 190, 194, 510 S.E.2d 747, 748 (1999) (quoting Canipe v. Commonwealth, 25 Va. App. 629, 644, 491 S.E.2d 747, 754 (1997)).

Code § 18.2-67.2 provides:

> An accused shall be guilty of inanimate or animate object sexual penetration if he or she penetrates the labia majora or anus of a complaining witness . . . [and] [t]he act is accomplished against the will of the complaining witness, by force, threat or intimidation of or against the complaining witness . . . .

(Emphasis added).  The Commonwealth bears the burden of proving each of these elements of the offense beyond a reasonable doubt.  See Holz v. Commonwealth, 220 Va. 876, 880, 263 S.E.2d 426, 428 (1980).  The penetration need only be slight.  See Jett, 29 Va. App. at 194, 510 S.E.2d at 749; see also Horton v. Commonwealth,

-

255 Va. 606, 612, 499 S.E.2d 258, 261 (1998). "A finger is an animate object." Bell v. Commonwealth, 22 Va. App. 93, 98, 468 S.E.2d 114, 117 (1996).

In the instant case, Carver testified that appellant and another inmate held him down. As Carver struggled to get up, he "felt somebody stick their fingers up my butt." At that instant, appellant "had his hand up underneath Carver's butt" and appellant "was sticking [Carver] in the butt with his fingers." Appellant's penetration was enough to cause Carver pain.

Appellant argues that Carver's testimony is inherently incredible, or so contrary to human experience as to render it unworthy of belief. See Willis & Bell v. Commonwealth, 218 Va. 560, 563, 238 S.E.2d 811, 812-13 (1977). However, Campbell also observed the incident and corroborated Carver's testimony. The trial court believed the testimony of Carver and Campbell.

### III. Attempted Forcible Sodomy

Appellant next contends that the evidence was insufficient to convict him of attempted forcible sodomy. It is well established in Virginia that in order to establish an attempted crime, the Commonwealth must prove "(1) the intent to commit it; and (2) a direct ineffectual act done towards its commission."[3]

---

[3] Code § 18.2-67.1 provides:

> An accused shall be guilty of forcible sodomy if he or she engages in cunnilingus, fellatio, anallingus, or anal intercourse with a complaining witness who is not his or

-

Goodson v. Commonwealth, 22 Va. App. 61, 74, 467 S.E.2d 848, 855 (1996) (citations omitted). Intent may be established by the conduct or statements of the accused and may be proven by circumstantial evidence. Mickens v. Commonwealth, 247 Va. 395, 408, 442 S.E.2d 678, 687 (1994) (citing Barrett v. Commonwealth, 210 Va. 153, 156, 169 S.E.2d 449, 451 (1969)). Although an overt act is required to prove attempted offenses, it need not be the last proximate act toward the completion of the contemplated crime. Id. at 408-09, 169 S.E.2d at 687. However, the act "must go beyond mere preparation and be done to produce the intended result." Tharrington v. Commonwealth, 2 Va. App. 491, 494, 346 S.E.2d 337, 339 (1986) (citations omitted). "Whenever the design of a person to commit a crime is clearly shown, slight acts done in furtherance of this design will constitute an attempt." Id. at 495, 346 S.E.2d at 341.

In the instant case, the evidence established the requisite elements of attempted forcible sodomy. Appellant told Carver "[y]ou're going to be my bitch," and previously stated that "he was going to fuck [Carver] up the ass," while rubbing his penis on

_____

her spouse, or causes a complaining witness, whether or not his or her spouse to engage in such acts with any other person, and

\* \* \* \* \* \* \*

(2) The act is accomplished against the will of the complaining witness, by force, threat or intimidation of or against the complaining witness.

-

the victim.  These statements sufficiently established appellant's intent to commit forcible sodomy.  Appellant's conduct constituted the requisite act as he held Carver down against his will, stripped Carver's pants and combined with appellant's prior actions and statements were adequate to support the trial court's determination that appellant committed attempted forcible sodomy. Accordingly, we hold that the evidence was sufficient to sustain appellant's convictions of sexual penetration with an animate object and attempted forcible sodomy and affirm the trial court's decision.

Affirmed.

-