# COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, AtLee and Chaney
Argued at Norfolk, Virginia


MANU HRISTOS COSTAS

v.      Record No. 1010-21-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE VERNIDA R. CHANEY
AUGUST 23, 2022


FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND
COUNTY OF JAMES CITY
Holly B. Smith, Judge

Charles E. Haden for appellant.

Liam A. Curry, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Following a jury trial in the Circuit Court of the City of Williamsburg and County of James City ("circuit court"), Manu Hristos Costas ("Costas") was convicted of forcible sodomy accomplished through the use of the complaining witness's physical helplessness, in violation of Code § 18.2-67.1.[1] The circuit court sentenced Costas to incarceration for fifty years with forty years suspended. On appeal, Costas contends that the circuit court erred in denying his motion to strike because (i) the complainant was too intoxicated at the time of the sexual encounter to recall whether it was consensual or non-consensual, (ii) the Commonwealth failed to prove that he committed sodomy through the use of the complainant's mental incapacity or physical helplessness, and (iii) the Commonwealth failed to prove the element of penetration. For the following reasons, this Court affirms his conviction.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The jury acquitted Costas on a charge of burglary.

## I. BACKGROUND

On December 15, 2020, Costas had dinner with his former co-worker ("the victim") and her new boyfriend ("the boyfriend") at the victim's apartment.[2] Costas and the victim each drank two or three beers before the boyfriend arrived. They all drank wine at dinner and continued drinking until they consumed three and a half bottles of wine. At the end of the night, Costas and the victim also smoked marijuana. The last thing the victim remembered about that night was smoking marijuana. The victim did not remember going to bed, and she had no recollection of Costas or the boyfriend leaving that night.

The boyfriend testified that the victim was "messed up" that night after consuming beer, wine, and marijuana. The victim's speech and actions had "slowed down," and she was "visibly intoxicated." Although the boyfriend was expected to stay overnight with the victim, he decided to leave around 11:00 p.m. because the victim "was passed out totally" in her bed. Costas and the boyfriend left the victim's apartment at the same time.

Around 3:00 or 4:00 a.m., the victim woke up in her bed feeling dizzy and feeling Costas' hand pulling her left hand toward his penis. Costas was kneeling on the bed behind the victim with his pants and underwear pulled down to his knees. Costas' head was between the victim's legs licking her vagina and anus. Costas stopped as soon as the victim woke up and lifted her head. Costas left immediately thereafter. The victim stayed in bed for a while after Costas left because she continued to feel dizzy and could not lift her body.

During the victim's testimony, she used a diagram to identify the areas where Costas touched her with his tongue. She circled the entire vaginal and anal areas on the diagram.[3] She

---

[2] To protect the victim's privacy, we have refrained from naming her and her boyfriend.

[3] This diagram with the victim's markings was admitted into evidence as Commonwealth Exhibit 1.

testified that she felt the movement and wetness of Costas' tongue on all the areas she circled on the diagram.

On December 17, 2020, Investigators Corbin Brown and Lane Craighill of the Williamsburg Police Department interviewed Costas at his apartment. Costas stated that the victim drank more wine than he and the boyfriend did and that she was more affected by the alcohol and marijuana than he was.[4] Costas acknowledged that the victim was drunk and "trashed." Costas said that he thought the victim had passed out and was asleep when they left.

Costas initially denied that he returned to the victim's apartment after leaving with the boyfriend. Costas also repeatedly denied engaging in any sexual activity involving the victim. Costas changed his story during the police interview, and he eventually admitted that he returned to the victim's apartment and that he performed oral sex on her.

After the Commonwealth rested its case-in-chief, Costas moved to strike the evidence on the charge of forcible sodomy. Costas argued that the evidence only proved the activity of licking and failed to prove penetration of the victim's sex organ by Costas' tongue. The circuit court found that the victim testified to licking "in my vagina." The circuit court also found that the victim testified that Costas' tongue movements were all inside the area that she circled on the diagram. Based on these factual findings, the circuit court denied Costas' motion to strike on the forcible sodomy charge.

Costas testified that he performed oral sex on the victim after she verbally gave him permission. Costas testified that his tongue was touching the victim's clitoris area for five to seven minutes. On the same diagram that the victim marked during her testimony, Costas circled the area he admitted touching with his tongue.

---

[4] The victim weighed only ninety-five pounds.

At the close of all the evidence, Costas renewed his motion to strike and argued that the evidence failed to prove that he penetrated the outer lips of the victim's sexual organ. The circuit court found that the area Costas marked on the diagram "is very much decidedly within the inner part of a woman's genitalia." Based on this finding, the circuit court denied Costas' renewed motion to strike on the charge of forcible sodomy.

The jury convicted Costas of forcible sodomy by cunnilingus accomplished through the use of the victim's physical helplessness. This appeal followed

## II. ANALYSIS

### A. Standard of Review

"When presented with a sufficiency challenge in criminal cases, [this Court] review[s] the evidence in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Commonwealth v. Cady*, 300 Va. 325, 329 (2021) (quoting *Commonwealth v. Hudson*, 265 Va. 505, 514 (2003)). "This principle requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Vay v. Commonwealth*, 67 Va. App. 236, 242 (2017) (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)). The circuit court's judgment should be affirmed "unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." *Alvarez Saucedo v. Commonwealth*, 71 Va. App. 31, 47 (2019) (quoting *Horton v. Commonwealth*, 255 Va. 606, 608 (1998)). "[T]he relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)).

B.  Evidence is Sufficient to Prove Penetration

Costas contends that the circuit court erred in denying his motion to strike.  The sole basis of Costas' motion to strike on the charge of forcible sodomy was his contention that the evidence is insufficient to prove the element of penetration.[5]

Under Code § 18.2-67.1, "[a]n accused shall be guilty of forcible sodomy if he or she engages in cunnilingus . . . with a complaining witness . . . and . . . [t]he act is accomplished against the will of the complaining witness . . . through the use of the complaining witness's . . . physical helplessness."  Code § 18.2-67.1(A)(2).  "[P]enetration is an essential element of the crime of sodomy."  *Alvarez Saucedo*, 71 Va. App. at 47 (alteration in original) (quoting *Ryan v. Commonwealth*, 219 Va. 439, 444 (1978)).  "The element of penetration may be proved by circumstantial evidence, and the penetration 'need only be slight.'"  *Bowden v. Commonwealth*, 52 Va. App. 673, 677 (2008) (quoting *Ryan*, 219 Va. at 444).

"[P]enetration of any portion of the vulva is sufficient to prove sodomy by cunnilingus."  *Alvarez Saucedo*, 71 Va. App. at 47 (quoting *Horton*, 255 Va. at 615).  The vulva "encompasses the 'external parts of the female sex organs considered as a whole' and includes, beginning with the outermost parts, the labia majora, labia minora, hymen, vaginal opening and vagina."  *Id.* at 48 (quoting *Love v. Commonwealth*, 18 Va. App. 84, 88 (1994)).  "[T]he clitoris lies within the labia majora; therefore, evidence of penetration or stimulation of the clitoris is sufficient to establish penetration of the labia majora . . . ."  *Jett v. Commonwealth*, 29 Va. App. 190, 195 (1999) (*en banc*).

---

[5] Rule 5A:18 bars this Court's consideration of Costas' new contentions on appeal regarding (i) alleged insufficient evidence of the non-consensual nature of the sexual activity and (ii) alleged insufficient evidence that sodomy was accomplished through the use of the complainant's mental incapacity or physical helplessness.  *See* Rule 5A:18.

As the circuit court found, proof of the element of penetration was provided by the victim's testimony and by Costas' own testimony. The victim used the diagram in Commonwealth's Exhibit 1 to show that Costas licked her entire vaginal area. Thus, the victim's testimony established penetration of the vulva. Costas testified that he stimulated the victim's clitoris with his tongue. Given that "stimulation of the clitoris is sufficient to establish penetration," *Jett*, 29 Va. App. at 195, Costas' own testimony provided proof of penetration. Costas also marked the diagram to identify the area that he touched with his tongue. As the circuit court found, the area that Costas marked on the diagram "is very much decidedly within the inner part of a woman's genitalia." Therefore, the evidence is sufficient to prove the element of penetration.

## III. CONCLUSION

The circuit court did not err in denying Costas' motion to strike because the evidence is sufficient to prove the element of penetration and to sustain the conviction for forcible sodomy by cunnilingus. Therefore, this Court affirms the circuit court's judgment.

*Affirmed.*