**Salem**

RICHARD ALLEN MORRISON

v.

COMMONWEALTH OF VIRGINIA

No. 1573-88-3

Decided May 8, 1990

COUNSEL

William P. Sheffield, for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**MOON, J.**—Richard Allen Morrison seeks reversal of his conviction of rape of his twelve year old stepdaughter in violation of Code § 18.2-61. He contends that the evidence was insufficient as a matter of law to prove penetration. We disagree and affirm.

When the sufficiency of the evidence is questioned on appeal, we construe the evidence in the light most favorable to the Commonwealth, granting to it all inferences reasonably deducible therefrom. *Higginbotham v. Commonwealth*, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

The penetration necessary to constitute rape need only be slight. *Rowland v. Commonwealth*, 147 Va. 636, 639, 136 S.E. 564, 565 (1927). Penetration may be proved by circumstantial evidence and is not dependent on direct testimony from the victim that penetration occurred. *See Elam v. Commonwealth*, 229 Va. 113, 115, 326 S.E.2d 685, 686-87 (1985). Furthermore, in the context of a sodomy charge, "[e]vidence of the condition, position, and proximity of the parties . . . may afford sufficient evidence of penetration . . . ." *Ryan v. Commonwealth*, 219 Va. 439, 445, 247 S.E.2d 698, 702 (1978) (citing *State v. Pettijohn*, 541 S.W.2d 74, 79 (Mo. App. 1976)).

The victim testified as follows: On October 31, 1988, the appellant took the victim, his twelve year old stepdaughter, upstairs with him and into the bedroom; on the bed, he pulled her on top of him and he then slid his hand down her pants which "slid some;" he put his hands between them and did something; he moved her up and down with his hands on her sides; she felt pain "up the crease" of her legs near her stomach; she felt like she had to "pee" and felt pressure in her "private area;" he was moaning; her pain kept "hurting and then calming down;" it would "[c]alm down a little but it still hurt;" when he stopped, she got up and pulled her pants up and went to the bathroom; at that point there was "white stuff" all over her skin and her panties; he told her not to tell anybody what happened because she would get into trouble and probably "get a whipping."

Dr. Jurs testified that on November 5, 1988, the victim resisted her medical examination. On the following day, Dr. Jurs again attempted an examination. Again she resisted. The doctor heavily sedated her and got a nurse to assist in holding her legs apart. The examination showed that the hymen was partially present but did not cover or obstruct the vaginal opening. The doctor described the vaginal opening as at least three to four times larger than normal for a child who had not undergone puberty. Her vagina appeared to have been penetrated by an object at least as large as a finger, but because of her resistance the doctor could not determine if it had been stretched larger.

After Morrison was charged with rape of his stepdaughter, she made statements to the effect that she had sexual relations with two other persons. She later repudiated those statements, saying that her mother requested that she make them to exonerate Morrison. Later, the victim again admitted that she had sexual relations with one other person. Her in-court testimony was to the effect that she had never had sexual relations with anyone except for this incident with her stepfather.

Although the victim never testified directly that Morrison achieved penetration, we hold that her testimony, in conjunction with the testimony of Dr. Jurs, was sufficient to prove the element of penetration. The jury could have inferred from the testimony of the victim that Morrison repeatedly applied his penis to the area of her vagina. It was reasonable for the jury to have inferred that some portion of the penis penetrated the opening of the vagina. The medical evidence adduced was consistent with a finding that the victim's vagina had been penetrated. The conflicting evidence regarding the victim's prior sexual activity was a matter for the jury to resolve.

Morrison argues that any person who has been raped should know whether penetration occurred and, because the victim, who was not asked, did not testify that penetration occurred, the conviction should be reversed. In *Elam*, the victim, an eighty-seven year old woman, testified that she did not know if the defendant actually penetrated her. The Supreme Court held that the circumstantial evidence created a jury issue as to whether penetration in fact occurred. The court said:

To a lay person, rape is generally construed to mean total consummation of an act of sexual intercourse, committed forcibly and with complete penetration. But . . . proof of penetration, however slight the entry may be, is sufficient . . . . Given the circumstantial evidence of penetration adduced by the Commonwealth in this case, the jury could rationally discount the uncertainty reflected in the prosecutrix's testimony as the product of lay ignorance of these legal principles.

229 Va. at 115, 326 S.E.2d at 686-87 (citations omitted). In the present case, we hold that the fact that the prosecutrix did not testify that penetration occurred is not determinative in view of the other evidence before the jury.

Accordingly, the judgment appealed from is affirmed.

*Affirmed.*

Koontz, C.J., and Willis, J., concurred.