COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Felton and Senior Judge Overton
Argued at Chesapeake, Virginia


LESTER LEE MORRIS

MEMORANDUM OPINION[*] BY
v.    Record No. 2931-01-1          JUDGE NELSON T. OVERTON
                                         APRIL 1, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Thomas S. Shadrick, Judge

William P. Robinson, Jr. (Robinson, Neeley &
Anderson, on brief), for appellant.

Eugene Murphy, Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on
brief), for appellee.


Lester Morris, appellant, appeals a decision of a jury

finding him guilt of sodomy.[1]  He contends on appeal that the

trial court erred in admitting evidence of alleged acts of

misconduct and that the evidence was insufficient to prove he

committed sodomy.  Finding no error, we affirm.

_____

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

    [1] Appellant was also convicted for the distribution of
narcotics to a minor.  However, this Court granted the issue
challenging the sufficiency of the evidence for only the sodomy
charge.

BACKGROUND

The teen-aged victim was staying with appellant at appellant's residence for a few days. The victim testified that appellant often gave or sold him Valium and other drugs. On the evening of August 13, 1999, the victim purchased from appellant and consumed about six-and-one-half Valium pills. At about midnight that night, appellant offered the victim two more Valium pills. The victim took one of the pills, then said he could not take anymore because he was "messed up." The victim fell asleep on the floor of appellant's bedroom.

The victim testified that when he awoke, he was lying on his side, his boxer shorts "were halfway down to [his] knees" and appellant was "right" "behind [him] kind of close." The victim stated that appellant was close enough "to feel him touching." Appellant's face was toward the victim's back. The victim stated, "I noticed something was nasty behind me-- something sticky, slimy." The next day, the victim asked appellant what he was "doing behind [him]," and appellant replied, "Nothing." The victim then asked appellant what he would have done if the victim had not awakened when he did, and appellant replied, "I probably would have finished."

On the evening of August 16, 1999, a sexual assault nurse examiner examined the victim. She testified that the victim was emotionally distraught and upset. The nurse found tears in the victim's anal tissue, a bruise at the edge of the anus into the

anal sphincter, and abnormal redness of tissue in the area.  She estimated that the injuries were about thirty-six to forty-eight hours old.  The nurse also stated that "blunt force trauma" directed "inward" caused the victim's injuries.  She opined that the injuries could not have been caused by "hard stool."

A medical doctor also examined the victim on August 16, 1999.  The doctor conducted an anoscopy, which allowed him to examine the tissue approximately four centimeters inside the victim's anus.  The doctor observed abnormal irritation, redness, and inflammation inside the victim's anus consistent with the blunt force trauma the nurse reported as the cause of the external injuries.

Appellant denied that he gave or sold medications or drugs to the victim.  He also denied that he had any sexual contact with the victim.

After describing the August 1999 incident, the victim testified that appellant had made several comments to him prior to August 1999.  The victim stated that appellant once described him as "looking all sexy" when he saw the victim wearing only a towel around his waist.  The victim also stated that appellant showed him pornographic movies and once offered to give the victim pills if he would masturbate while watching a pornographic movie.

## EVIDENCE OF PRIOR MISCONDUCT

Appellant contends the trial court abused its discretion in admitting evidence of three prior acts of misconduct by appellant.  However, the pages of the appendix cited by appellant in his opening brief do not contain objections or arguments concerning the evidence he challenges.  "We will not search the record for errors in order to interpret appellant's contention and correct deficiencies in a brief."  Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

Moreover, the portion of the transcript wherein the victim testified concerning the incidents of appellant's prior misconduct does not contain any objections or arguments made by appellant regarding the admissibility of the evidence.  "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Rule 5A:18.  Accordingly, Rule 5A:18 bars our consideration of this question on appeal.  Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

## SUFFICIENCY OF THE EVIDENCE

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v.

<u>Commonwealth</u>, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

"To sustain a conviction for sodomy, the Commonwealth must prove beyond a reasonable doubt that penetration occurred. However, penetration may be proved by circumstantial evidence, and that evidence need only be slight." <u>Lawson v. Commonwealth</u>, 13 Va. App. 109, 113, 409 S.E.2d 466, 468 (1991) (citations omitted). "[I]n the context of a sodomy charge, '[e]vidence of the condition, position, and proximity of the parties . . . may afford sufficient evidence of penetration . . . .'" <u>Morrison v. Commonwealth</u>, 10 Va. App. 300, 301, 391 S.E.2d 612, 612 (1990) (citation omitted).

The jury accepted the victim's testimony concerning the offense and did not believe appellant's testimony. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." <u>Sandoval v. Commonwealth</u>, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The victim's testimony was competent and was not inherently incredible. In addition, penetration, like any other element, "may be proved by circumstantial evidence and is not dependent on direct testimony from the victim that penetration occurred." <u>Morrison</u>, 10 Va. App. at 301, 391 S.E.2d at 612. From the victim's testimony that his shorts had been lowered while he slept, that appellant was close behind the victim and

- 5 -

was facing toward his back, and that he felt something "sticky, slimy" behind him, coupled with the medical evidence, the jury could conclude beyond a reasonable doubt that appellant sodomized the victim.

For the foregoing reasons, the decision of the trial court is affirmed.

Affirmed.
