COURT OF APPEALS OF VIRGINIA

Present:   Judges Benton, Haley and Senior Judge Annunziata
Argued at Alexandria, Virginia


ORLANDO S. AVALOS

                                             MEMORANDUM OPINION[*] BY
v.        Record No. 2874-03-4              JUDGE JAMES W. HALEY, JR.
                                                   JUNE 21, 2005
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                        Donald M. Haddock, Judge

        Heidi Meinzer, Senior Assistant Public Defender, for appellant.

        Amy L. Marshall, Assistant Attorney General (Jerry W. Kilgore,
        Attorney General, on brief), for appellee.


        Orlando S. Avalos appeals his conviction under Code § 18.2-67.2(A), animate object sexual

penetration of a child under the age of thirteen.  Appellant asserts that the trial court erred in:

1) admitting his statements prior to being advised of his Miranda rights, 2) violating his due process

rights by admitting his statements when the interview had not been recorded in its entirety,

3) finding that the child witness was competent to testify against him, and 4) denying his motion to

strike and finding the evidence sufficient to prove penetration.  We affirm.

                                              I.

        Under familiar principles, "we review the evidence, and all reasonable inferences that can

be drawn from the evidence, in a light most favorable to the Commonwealth as the party

prevailing below."  Moore v. Commonwealth, 45 Va. App. 146, 149, 609 S.E.2d 74, 76 (2005)

(citation omitted).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The child was living with appellant, her mother, and others in late 2002. One night during the Christmas holiday, the child testified that her mother went out for the night, leaving her at home with her sister and appellant. The child went into a bedroom and accepted an invitation by the appellant to watch television on the bed. While both were on the bed, appellant put his hand inside the child's pants and underwear and touched her "privates." She testified that appellant put his finger "in a little bit" and that she was sure his finger was inside her. She testified that appellant hurt her by doing this. She left the bedroom and went to the bathroom to "clean [her]self" with toilet tissue; she discovered she was bleeding. She told her mother of the incident the next morning and showed her mother the bloodstained toilet tissue.

Detective Victor Ignacio investigated the incident. On January 4, 2003, Detective Ignacio went to the apartment and spoke to appellant. Detective Ignacio explained to appellant that he was not under arrest but wanted to ask him a few questions about the incident. Detective Ignacio was not in uniform at the time but had his badge and service weapon displayed. Detective Ignacio asked appellant to answer some questions at the police station. After appellant agreed and stated that he did not have transportation, he rode in the front seat of the detective's police cruiser to the station. Appellant was unrestrained. At the end of a one-hour meeting, appellant stated that he would take a polygraph test. Detective Ignacio returned the appellant to the apartment.

At the appellant's request, Detective Ignacio scheduled a polygraph test for February 4, 2003. Likewise, at appellant's request, the detective picked up appellant. Again, appellant rode in the front seat of the cruiser to the station. Appellant was unrestrained. Detective Ignacio was again in plain clothes displaying his badge and service weapon. Detective Ignacio reminded appellant that the polygraph was voluntary, and he could choose not to take it. The detective told

appellant that he was not under arrest and could return home after the test.  Detective Ignacio informed appellant that the polygraph test detects deception and advised him to tell the truth.  Appellant then informed the detective that he wanted to discuss something with him; Detective Ignacio suggested they conduct another interview before administering the test.

Detective Ignacio told appellant once again that he was not under arrest.  They discussed the allegation for a few moments before the detective began to record the interview.  Appellant admitted that he had been drinking the evening of the incident and that the child came into his bedroom.  Appellant stated that the child lay on the bed with him and began to touch his stomach.  Appellant admitted that he then put his hand down her pants and touched her vagina.  Detective Ignacio asked appellant whether or not he penetrated her vagina; appellant responded that he did not remember touching her vagina but did remember touching the skin of her vagina.  The videotape recording lasted eight minutes.  After the interview, Detective Ignacio took appellant home and did not place him under arrest.

Appellant was indicted on the charge of animate object sexual penetration of a minor under the age of thirteen.  The trial court convicted appellant of the charge and sentenced him to fifteen years' incarceration with ten years suspended.

III.

Appellant asserts that the trial court erred in admitting his statements because he had not been advised of his <u>Miranda</u> rights.  The trial court admitted only those statements from the second, recorded interview of February 2003.  Thus, those statements and the surrounding circumstances are the only ones reviewed.

"'[P]olice officers are not required to administer <u>Miranda</u> warnings to everyone whom they question,' and <u>Miranda</u> warnings are not required when the interviewee's freedom has not been so restricted as to render him or her 'in custody.'"  <u>Aldridge v. Commonwealth</u>, 44

Va. App. 618, 641, 606 S.E.2d 539, 550 (2004) (quoting Oregon v. Mathiason, 429 U.S. 492, 495 (1977)) (citation omitted).

> Whether a suspect is "in custody" under Miranda is determined by the circumstances of each case, and "the ultimate inquiry is simply whether there is a 'formal arrest or restraint on freedom of movement' of the degree associated with formal arrest." . . . If a reasonable person in the suspect's position would have understood that he or she was under arrest, then the police are required to provide Miranda warnings before questioning. Among the circumstances to be considered when making the determination of whether a suspect was "in custody" are (1) the manner in which the individual is summoned by the police, (2) the familiarity or neutrality of the surroundings, (3) the number of officers present, (4) the degree of physical restraint, (5) the duration and character of the interrogation, and (6) the extent to which the officers' beliefs concerning the potential culpability of the individual being questioned were manifested to the individual.

Harris v. Commonwealth, 27 Va. App. 554, 564-65, 500 S.E.2d 257, 262 (1998) (footnote omitted) (citations omitted).

In Garrison v. Commonwealth, 36 Va. App. 298, 309, 549 S.E.2d 634, 639-40 (2001) (citations omitted), this Court stated:

> "Custody does not result merely because an individual is questioned in a 'coercive environment,' or is the 'focus' of a criminal investigation." "*A person's voluntary appearance at a police station, where he is immediately advised that he is not under arrest and from which he leaves 'without hindrance' [sic] at the end of an interview, indicates that he is not in custody 'or otherwise deprived of his freedom of action in any significant way.'*"

(Emphasis added). Additionally, this Court noted that "the Supreme Court of Virginia has expressly recognized that 'it is the custodial nature *rather than the location of the interrogation* that triggers the necessity for giving Miranda warnings.'" Aldridge, 44 Va. App. at 643, 606 S.E.2d at 551 (quoting Coleman v. Commonwealth, 226 Va. 31, 47, 307 S.E.2d 864, 872 (1983) (emphasis added)).

- 4 -

In February 2003, appellant initiated contact with Detective Ignacio and asked to take a polygraph test and that he be transported to the police station. The appellant rode in the passenger seat of the police car and was unrestrained. Detective Ignacio reminded appellant that he was not under arrest, that he did not have to take the test, and that the detective would take him home after the test. Appellant, instead of taking the test, asked to discuss the matter with Detective Ignacio. Appellant admitted during the discussion that he had touched the victim's vagina. Nevertheless, Detective Ignacio took appellant home after the interview.

At no time during the February interview was appellant's freedom of movement restrained, nor was he told that he was not free to leave. Appellant's encounter with Detective Ignacio was consensual and did not suggest any aspect of a formal arrest. The trial court specifically found as a fact that appellant was not in custody during the interview. The evidence supports that determination, and the trial court properly denied the motion to suppress on Miranda grounds.

IV.

Appellant cites authority from other states and argues that the statements from the videotaped interview should be suppressed because the interview was not taped in its entirety. None of these cases is binding precedent in Virginia. Additionally, the cases cited by the appellant involve circumstances of custodial interrogation; this case does not.

Virginia law does not require videotaping of police interrogations. The courts of this state do not presume jurisdiction beyond that authorized by constitution or statute. Any change to this aspect of Virginia law would require legislative action in accordance with the Constitution

of Virginia.[1]  Therefore, the trial court properly denied appellant's motion to suppress on this ground.

V.

Appellant asserts that the trial court erred in finding that the child was competent to testify. Appellant argues that the child was incompetent because she did not independently remember the incident, she had a limited capacity to recall the events, and she did not understand or affirm the oath.

Code § 8.01-396.1 states, "No child shall be deemed incompetent to testify solely because of age."  That statute is applicable to criminal proceedings.  See Code § 19.2-267.

In Mackell v. Commonwealth, 236 Va. 240, 253, 372 S.E.2d 759, 767 (1988), the Supreme Court of Virginia held:

> Because of the opportunity a trial court has to see and observe a child's demeanor on the stand, his or her competence as a witness is a matter within the discretion of the trial court and its ruling will not be disturbed except for manifest error.  A child is competent to testify if he or she possesses the capacity to observe, recollect, communicate events, and intelligently frame answers to the questions asked of him or her with a consciousness of a duty to speak the truth.

At trial, the child promised that she would tell the truth about what had happened; she stated that it would be "bad" to do otherwise.  She testified that she remembered the incident, and her account of the incident paralleled the appellant's version of the events.  The fact that she had spoken to others about the incident does not, in itself, support the conclusion that she had no independent memory of the event or that her testimony was coached.  The child demonstrated the capacity to

---

[1] The due process procedures found in the Virginia Constitution and followed by Virginia courts co-exist with those procedures found in the United States Constitution.  See Lowe v. Commonwealth, 230 Va. 346, 348, 337 S.E.2d 273, 274 (1985).  The United States Constitution does not require electronic recording of interrogations, and thus, neither does the Virginia Constitution.

observe, recall, communicate, and respond by answering questions about her home, school, and events from her last birthday. The trial court was satisfied with her competency to testify. Nothing in the record suggests that she lacked the requisite capacity to testify. Any lack of detail in her testimony goes to her credibility, not her competency. Thus, the trial court did not err by allowing her to testify.

VI.

A conviction for animate object sexual penetration of a minor under thirteen years of age requires evidence of penetration. See Code § 18.2-67.2(A). "For the purposes of Code § 18.2-67.2 . . . penetration 'need be only slight.'" Jett v. Commonwealth, 29 Va. App. 190, 194, 510 S.E.2d 747, 749 (1999) (*en banc*) (quoting Horton v. Commonwealth, 255 Va. 606, 612, 499 S.E.2d 258, 261 (1998) (citation omitted)). "Penetration may be proved by circumstantial evidence and is not dependent on direct testimony from the victim that penetration occurred." Morrison v. Commonwealth, 10 Va. App. 300, 301, 391 S.E.2d 612, 612 (1990).

When examining the sufficiency of evidence, we view the facts in the light most favorable to the Commonwealth, as initially noted. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) (citations omitted). A conviction for a sexual offense may be based solely on the uncorroborated testimony of the victim. See Fisher v. Commonwealth, 228 Va. 296, 299, 321 S.E.2d 202, 203 (1984); Ashby v. Commonwealth, 33 Va. App. 540, 548-49, 535 S.E.2d 182, 187 (2000).

Appellant admitted that he had touched the child's vagina but did not remember whether he penetrated the vagina. The child testified that appellant touched her "private parts" under her pants and underwear; she stated that appellant's finger went "in a little bit" and that it hurt. She

noticed she was bleeding and showed her mother the bloodstained toilet tissue.  Likewise, her mother testified that she also observed the bloodstained tissue, corroborating her child's testimony.  The child's testimony was not "inherently incredible, or so contrary to human experience as to render it unworthy of belief."  Fisher, 228 Va. at 299-300, 321 S.E.2d at 204. The trial court did not err in finding sufficient evidence of penetration.

VII.

For the foregoing reasons, we affirm the trial court's conviction of animate object sexual penetration.

Affirmed.