COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Haley and Senior Judge Annunziata
Argued at Alexandria, Virginia


JOSE TULIO PEREZ-AMAYA, S/K/A
  JOSE TULLIO PEREZ-AMAYA
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2780-05-4                      JUDGE JAMES W. HALEY
                                                    DECEMBER 19, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
James F. Almand, Judge

Gary H. Smith (David J. Kiyonaga, on briefs), for appellant.

J. Robert Bryden, II, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


       Jose Tulio Perez-Amaya ("appellant") was tried by a jury and convicted, among other

related charges,[1] of one count of rape of a child under the age of thirteen in violation of Code

§ 18.2-61(A)(iii).[2]  Appellant maintains that the evidence was insufficient to establish

"penetration," an element of rape, of the child when she was less than thirteen, more specifically,

when she was twelve.  We disagree and affirm.

                                            FACTS

       Resolution of the issue before us requires a contextual recitation of facts in the continuum

of sexual activities between appellant and the child, facts beyond those alone relating to

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

       [1] The jury also convicted appellant of five counts of the rape of the child by "force, threat
or intimidation" in violation of Code § 18.2-61(A)(i).

       [2] As here relevant, Code § 18.2-61(A)(iii) prohibits "sexual intercourse . . . with a child
under age thirteen."

activities when the child was twelve. That continuum ranged from when the child was eleven until June 2004, when she was sixteen.

The child lived with her mother, her stepfather, and her sister in Falls Church, Virginia, while appellant, her father, lived in Arlington, Virginia. The child (and her younger sister) had regular visitation with appellant "basically every weekend" from the time she was nine years old.

The child testified that when she was between eleven and eleven-and-a-half years old, in 1999, appellant initiated sexual contact with her. On the first occasion, he pulled down her underwear and "rubbed his penis against [her] vagina." During this time frame, that is, before she was twelve, appellant was "trying to insert his fingers in [her] vagina, [or] . . . was trying to have intercourse with [her]." She testified he was passing [his penis] up and down on my vagina."

The child testified the following events occurred during 2000, the year she was twelve:

> Q.  Do you remember if anything happened then, during the time you were 12?
>
> A.  The same thing kept happening
>
> Q.  Was it any different?
>
> A.  No.
>
> Q.  How often was it happening?
>
> A.  Every time I went with him.
>
> Q.  And what I asked you, what exactly was happening, was he able to insert any part of his penis into your vagina during that -- during your 12 -- when you were 12?
>
>         \*      \*      \*      \*      \*      \*      \*
>
> A.  I think the head.

During cross-examination, the following exchange occurred:

> Q. That's not my question. My question is: When were you – how old were you when his penis first penetrated your vagina? Do you remember?
>
> A. Probably 13.

On re-direct examination, the trial transcript records:

> Q. All right. So I want you to focus specifically when you were 12.
>
> Q. During that time frame, did any part of his penis penetrate your vagina?
>
> A. The head.
>
> Q. The head?
>
> A. Probably.

This testimony is necessarily viewed in the context of what the child and appellant understood by the word "penetration." After appellant was arrested in June 2004 he was interviewed by Eliseo Pilco, an Arlington County police officer. He admitted to putting the "tip" in his daughter on three occasions. With respect to penetration, the officer explained:

> Q. Now, throughout this entire interrogation, you had asked . . . whether or not he had ever penetrated her . . . ?
>
>       *     *     *     *     *     *     *
>
> Q. And in every one of those instances, he denied that; isn't that correct?
>
> A. At the beginning he -- yes and no, to answer your question. At the beginning he had mentioned that *he had put the tip in. He would say to him, penetration meant all the way in.* So if you -- when you read the transcript, there will be some times when he'll say no, I just put it in here or I rubbed the vagina.

(Emphasis added).

On re-direct examination, the child testified, though not as to any specific time frame, as follows:

> Q.   Why would you say that it didn't go in all the way?
>
> A.   Because he would tell me, whenever I would talk to him about something like that, *he would say he couldn't put it all in, so he confused me*.

(Emphasis added).

At the conclusion of the Commonwealth's case, during argument on a motion to strike, the Commonwealth conceded that it had been unable to prove penetration in 1999, when the child was eleven years old. That charge was reduced to attempted rape. However, the trial judge denied a motion to dismiss or reduce the indictment charging rape when the child was twelve. At the conclusion of the evidence the jury convicted appellant of rape when the child was twelve.

## STANDARD OF REVIEW

When considering the sufficiency of the evidence on appeal of a conviction for rape, and the issue of penetration is specifically raised, this Court will "construe the evidence [of penetration] in the light most favorable to the Commonwealth, granting to it all inferences reasonably deducible therefrom." Morrison v. Commonwealth, 10 Va. App. 300, 301, 391 S.E.2d 612, 612 (1990). When a criminal conviction is by jury, "we review the jury's decision to see if reasonable jurors could have made the choices that the jury did make. We let the decision stand unless we conclude no rational juror could have reached that decision." Pease v. Commonwealth, 39 Va. App. 342, 355, 573 S.E.2d 272, 278 (2002) (en banc), aff'd, 266 Va. 397, 588 S.E.2d 149 (2003).

## ANALYSIS

In Elam v. Commonwealth, 229 Va. 113, 115, 326 S.E.2d 685, 686-87 (1985), the Supreme Court of Virginia held:

> Penetration by a penis of a vagina is an essential element of the crime of rape; proof of penetration, however slight the entry may be, is sufficient; evidence of ejaculation is not required; and no hypothesis that penetration was accomplished by some object other than a penis is sufficient to reverse a conviction unless it reasonably flows from the evidence itself rather than the imagination of counsel.

That Court continued, "To the lay person, rape is generally construed to mean total consummation of the act of sexual intercourse, committed forcibly *and with complete penetration*." Id. at 115, 326 S.E.2d at 686 (emphasis added).

We have explained that "penetration of any portion of the vulva -- which encompasses the 'external parts of the female sex organs considered as a whole' and includes, beginning with the outermost parts, the labia majora, labia minora, hymen, vaginal opening and vagina -- is sufficient to show penetration." Love v. Commonwealth, 18 Va. App. 84, 88, 441 S.E.2d 709, 712 (1994) (citation omitted).[3]

In accordance with these principles, this Court has held that "[p]enetration may be proved by circumstantial evidence and is not dependent on direct testimony from the victim that penetration occurred." Jett v. Commonwealth, 29 Va. App. 190, 194, 510 S.E.2d 747, 748 (1999). Further, "[e]vidence concerning the condition, position, and proximity of the parties can provide sufficient evidence of penetration." Velazquez v. Commonwealth, 35 Va. App. 189, 201, 543 S.E.2d 631, 637 (2001), aff'd in part, rev'd in part on other grounds, 263 Va. 95, 557 S.E.2d 213 (2002). Finally, the element of penetration "may be established solely by the testimony of the victim unless such testimony is inherently incredible or so contrary to human experience or usual human behavior as to render it unworthy of belief." Kehinde v. Commonwealth, 1 Va. App. 342, 345, 338 S.E.2d 356, 357 (1986).

---

[3] In Horton v. Commonwealth, 255 Va. 606, 613, 499 S.E.2d 258, 261 (1998), the Court stated, "We have previously recognized the significance of the anatomical structure of the female genitalia in relation to the element of penetration."

In Morrison, a twelve-year-old victim testified as to a single instance in which the defendant moved her up and down with his hands on her sides, she felt pain "up the crease" of her legs, and she felt pressure and pain in her "private area." 10 Va. App. at 301, 391 S.E.2d at 612-13. A doctor testified that her vagina appeared to have been penetrated "by an object at least as large as a finger, but . . . the doctor could not determine if it had been stretched larger." Id. at 302, 391 S.E.2d at 613. In upholding the conviction, we stated, "[t]he jury could have inferred from the testimony of the victim that [appellant] repeatedly applied his penis to the area of her vagina. It was reasonable for the jury to have inferred that some portion of the penis penetrated the opening of the vagina." Id.

That analysis is applicable here. The jury heard direct testimony from the child that when she was eleven, the appellant was "trying to have intercourse with" her and "rubbed his penis against [her] vagina." When she was twelve, "the same thing kept happening" and she believed "the head" of his penis penetrated her vagina.

She said appellant would say he "couldn't put *it all in*." (Emphasis added). Appellant told Officer Pilco, "[T]o him, penetration meant all the way in."[4] But, as quoted from Moore and Elam above, the meaning of penetration sufficient to sustain a conviction is "slight" penetration, and includes "the external parts of the female sex organs as a whole." That meaning is substantially more expansive than that generally understood by lay persons, such as the child and appellant, where penetration means "complete penetration," or as appellant stated, it meant "all the way in."

In support of his argument that the evidence is here insufficient to show penetration, appellant relies upon Moore. That reliance is misplaced. There, the Supreme Court of Virginia, in reciting the evidence most favorable to the Commonwealth, and noting it was presented by the

---

[4] Appellant did not testify at trial.

Commonwealth "*as part of its case in chief*," quoted the evidence as establishing various possibilities in the one alleged incident: rubbing his penis "on [her] vagina," rubbing it "on the inside" of her vagina, and "rubbing it going back and forth . . . on her vagina." Moore, 254 Va. at 188-89, 491 S.E.2d at 741-42 (emphasis added). There was only one such alleged incident. Citing Ashby v. Commonwealth, 208 Va. 443, 444, 158 S.E.2d 657, 658 (1968), cert. denied, 393 U.S. 1111 (1969), for the proposition that placing a penis "on," as opposed to "in," the female sexual organ is insufficient to show penetration, the Court found that the Commonwealth's evidence was in "equipoise" and that the direct evidence produced by the Commonwealth, not the result of "inconsistencies . . . developed during cross-examination," presented "two different accounts of the essential facts relating to a crucial element of the crime." Moore, 254 Va. at 189, 491 S.E.2d at 741-42. In finding that evidence insufficient, the Court further noted "the victim's testimony does stand alone," without corroboration by the defendant's admissions or forensic evidence. Id. at 191, 491 S.E.2d at 742.

In contrast to Moore, here the child testified on direct and re-direct examination that, when she was twelve, appellant put the tip of his penis inside her and that he was "trying to have intercourse" with her. It was on cross-examination that appellant raised the lay understanding, rather than the legal understanding, of the meaning of the word "penetration." Moreover, in further contrast to Moore, the sexual activity here was corroborated by appellant's admission that he had in fact put "the tip in" and, unlike the single incident in Moore, the child testified that the appellant's sexual assaults on her occurred every time, that is, almost every weekend, when she was with her father, for over six years, including that year she was twelve years old.

A jury properly instructed on the legal definition of penetration as a necessary element of rape concluded from the evidence appellant had penetrated his daughter when she was twelve. We find the evidence sufficient to sustain that conclusion.

<u>Affirmed.</u>