COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges O'Brien, Fulton and Callins

JAMES RAY HUFF

v.      Record No. 1618-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
NOVEMBER 21, 2023

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Lynn S. Brice, Judge

(Gregory R. Sheldon; BainSheldon, PLC, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Matthew J. Beyrau, Assistant
Attorney General, on brief), for appellee.


A jury convicted James Ray Huff (appellant) of rape, in violation of Code § 18.2-61, and

forcible sodomy, in violation of Code § 18.2-67.1.[1] Appellant contends that the evidence was

insufficient to prove that he penetrated the victim with his penis or that the sexual act was

non-consensual. After examining the briefs and record, the panel unanimously holds that oral

argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a);

Rule 5A:27(a).

BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the

prevailing party [below]." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] The jury also found appellant guilty of assault and battery, in violation of Code
§ 18.2-57, which he does not challenge on appeal. The court granted appellant's motion to strike
the evidence of statutory burglary under Code § 18.2-91.

*Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).  In doing so, we "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn [from that evidence]."  *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

The evidence established that the victim, who lived with family members, had dated appellant, who lived next door, for "[a] couple of months."  She described their relationship as "extremely toxic" and testified that they "pretty much fought every day."  After an "altercation" with appellant on June 17, 2019, the victim decided to end the relationship and turned off her phone.  Appellant repeatedly tried to contact her by video chat and Facebook message during the day, without success.

Sometime after 10:00 p.m. that night, the victim was awakened "by the headboard shaking and [appellant] coming through the window."  The victim's bedroom was on the second floor, and her children's bedrooms were on either side of her room.  The victim's mother and stepfather had a bedroom downstairs.

Appellant entered the room with a knife on his hip and questioned why she had not talked to him that day.  Appellant searched the victim's closet for her ex-husband, who appellant believed was hiding there.  The victim tried to explain that any relationship she and appellant previously had was now over, but he responded by grabbing her, forcing her to the floor, and removing her shorts.  She was not wearing any underwear.

At trial, the victim testified that appellant "proceeded to force himself onto" her by "[p]enetrating" her vaginally, "pull[ing] out," and then "penetrat[ing her] anally."  She told him that she did not want to have sex with him and tried to push him off her, but appellant told her to shut up and kept repeating that "he was going to get his nuts off."  On cross-examination, the victim was asked if appellant "penetrated [her] with anything else," and she replied that "[t]he

- 2 -

only thing [appellant] penetrated [her with] was himself." When asked about her statement to a forensic nurse that appellant used his fingers, the victim responded that he did use his fingers but did not penetrate her "[w]ith any object or anything."

The victim also testified that, while anally penetrating her, appellant put one hand "around [her] throat" and his other hand above her head. Appellant eventually left through the same window through which he entered.

The victim did not immediately call the police because she was "shock[ed]" and "scared." When the victim's mother saw her the next morning, the victim was "crying so hard" and "shaking all over and couldn't talk." The victim's mother also observed marks on the victim's neck that were not there the day before, and she called the police.

The police found the victim "crying, very upset" and "in sort of a frantic state." They observed bruising around her neck, photographs of which were submitted as exhibits at trial. Appellant was on his front porch next door.

Appellant gave the police inconsistent statements. First, he denied seeing the victim at all on June 17 but admitted that he saw her around 3:00 a.m. on June 18 when she finally answered his Facebook messages and they smoked a cigarette together on his porch. Later, he amended his story and stated that he saw her between 9:00 a.m. and 11:00 a.m. on June 17 and that they had vaginal and anal sex. Then, telling the police that he was "ready to tell the truth," appellant admitted climbing through her window the night of June 17 and having vaginal and anal sex with her, which he still maintained was consensual. A sperm sample taken from the victim's thighs/external genitalia contained a DNA mixture for which appellant could not be eliminated as a contributor. The Commonwealth's expert in forensic DNA examinations testified that the probability of randomly selecting an unrelated individual with a DNA profile matching the sperm sample was 1 in 7.2 billion.

Appellant moved to strike the evidence, arguing that the Commonwealth failed to prove that he penetrated the victim with his penis. He did not assert that the victim's testimony was inherently incredible or argue that the Commonwealth failed to prove lack of consent.[2] The court denied the motion to strike, and the jury convicted appellant of rape and forcible sodomy. Appellant moved to set aside the verdict on the same grounds. The court denied that motion as well.

## ANALYSIS

Appellant challenges the sufficiency of the evidence to support his convictions. "On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "The question . . . is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Yoder v. Commonwealth*, 298 Va. 180, 182 (2019)). On appeal, "we review factfinding with the highest degree of appellate deference." *Bowman v. Commonwealth*, 290 Va. 492, 496 (2015).

Appellant first argues the Commonwealth failed to prove that he penetrated the victim with his penis and therefore the evidence was insufficient to support convictions for rape or forcible sodomy. We disagree.

An accused is guilty of rape if he "has sexual intercourse with a complaining witness . . . against the complaining witness's will, by force, threat[,] or intimidation of or against the complaining witness." Code § 18.2-61(A)(i). Forcible sodomy occurs when a person "engages in . . . anal intercourse with a complaining witness" and "[t]he act is accomplished against the will of the complaining witness, by force, threat[,] or intimidation of or against the

---

[2] Appellant only made these assertions in his closing argument to the jury.

complaining witness." Code § 18.2-67.1(A)(2). "Penetration by a penis of a vagina is an essential element of the crime of rape." *Moore v. Commonwealth*, 254 Va. 184, 186 (1997) (quoting *Elam v. Commonwealth*, 229 Va. 113, 115 (1985)). Similarly, forcible sodomy by anal intercourse requires proof that the accused penetrated the victim's anus with his penis. *Martin v. Commonwealth*, 4 Va. App. 438, 443 (1987). For both offenses, "[p]enetration may be proved by circumstantial evidence and is not dependent on direct testimony from the victim that the penetration occurred." *Morrison v. Commonwealth*, 10 Va. App. 300, 301 (1990); *see also Martin*, 4 Va. App. at 443 ("The element of penetration may be shown by circumstantial as well as direct evidence.").

Here, the victim testified that appellant "penetrated [her] vaginally and then pulled out" and then penetrated her anally. She added that, while appellant was anally penetrating her, he put one hand above her head and the other around her neck, which would have prevented him from penetrating her with his fingers at that time. A jury could reasonably infer from this testimony that appellant penetrated the victim's vagina and anus with his penis and not just his fingers. Appellant also admitted to police that he had vaginal and anal intercourse with the victim that night. Accordingly, contrary to appellant's argument, the jury did not need to resort to "speculation and surmise" to conclude that appellant penetrated the victim with his penis.

Appellant next contends that the court erred in finding sufficient evidence that the sexual encounter was non-consensual, arguing that the victim's testimony was inherently incredible. However, he did not preserve this assignment of error.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. The rule "requires a litigant to make timely and specific objections, so that the trial court has 'an opportunity to rule

intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.'" *Brown v. Commonwealth*, 279 Va. 210, 217 (2010) (quoting *West v. Commonwealth*, 43 Va. App. 327, 337 (2004)). "Specificity and timeliness undergird the contemporaneous-objection rule [and] animate its highly practical purpose . . . ." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019).

"In a jury trial, the defendant preserves his objections to the sufficiency of the evidence in a motion to strike at the conclusion of the Commonwealth's case" if he does not "introduce evidence of his own." *Commonwealth v. Bass*, 292 Va. 19, 33 (2016); *see also Murillo-Rodriguez v. Commonwealth*, 279 Va. 64, 84 (2010)). Here, neither appellant's motion to strike nor his motion to set aside the verdict challenged the victim's credibility or argued that the sexual encounter was consensual.[3] Appellant's closing argument, in which he raised these issues, did not preserve them for appellate review because he was tried by a jury. *Campbell v. Commonwealth*, 12 Va. App. 476, 481 (1991) (en banc) ("[I]n a jury trial, the closing argument is addressed to the jury, not the trial judge, and does not require the trial judge to rule on the evidence as a matter of law."). Because the trial court had no opportunity to consider these issues, "we will not consider [them] for the first time on appeal." *Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (en banc). Furthermore, appellant does not invoke any of the exceptions to Rule 5A:18, and we do not do so sua sponte. *Id.*

CONCLUSION

For these reasons, we affirm appellant's convictions.

*Affirmed.*

---

[3] Indeed, appellant emphasized during his motion to strike that his argument "[wa]sn't an issue about credibility. It's not an issue about believability." In arguing his motion to set aside the verdict, appellant argued that the victim's testimony "would be the best evidence of what occurred."