ROBERT P. FRANK, Judge.
Sherron Milton Ricks (appellant) was convicted in a bench trial of murder, in violation of Code § 18.2-32, and use of a firearm in the commission of murder, in violation of Code § 18.2-53.1. On appeal, he contends the trial court erred in admitting evidence of his flight subsequent to the offense. For the reasons stated, we affirm.
BACKGROUND
At 8:00 a.m. on September 7, 2000, officers of the Norfolk Police Department found Desmond Boyd “laying on the ground,” dead from a gunshot wound to the back of his head. A woman who lived near the scene heard angry voices and one gunshot at about 2:30 that morning.
At 4:00 that morning, appellant arrived at the residence of Anthony Batey. He was “out of breath ... like he had been running.” Appellant said he had been shooting in the air and *333 running before arriving at Batey’s home. While he was there, appellant sold Batey a .38 weapon for $150. At trial, Batey identified Commonwealth’s Exhibit 1 as the weapon he purchased from appellant.
On September 12, 2000, Norfolk Police Officer Brian Atwood recognized a car, a Dodge Stratus, that appellant “would frequently drive.” Atwood knew that appellant “had outstanding warrants” and that a Norfolk detective “wanted him questioned for a homicide.”
Officer Atwood was in uniform and driving a marked vehicle when he noticed the Stratus. When he turned around to drive by the car again, he “noticed that it was moving.” The officer followed the car and eventually saw appellant was the driver. As the Stratus turned into a parking lot, Officer Atwood activated his lights. Appellant initially “motion[ed] like he [was] going to a parking space.” However, as the officer exited his vehicle, appellant “thr[e]w his vehicle in reverse, [came] back toward [the officer], [threw] it back in drive, [spun] around the parking lot, and a pursuit initiated from there.”
With his lights and siren on, Officer Atwood pursued appellant, who drove the wrong way down one-way streets, drove up onto sidewalks, and ran through stop signs and red lights. The pursuit lasted seventeen minutes. According to Atwood, the pursuit “was long enough that we had detective units, we had called metro-tactical units, traffic units, and everything to start to block off intersections trying to keep [appellant] contained in a certain area.” When the officers got “out of their cars, [appellant would] go over the curb driving toward the police officers.” Upon the police coming “up to the side of [appellant’s car], he tried to ram us from side to side.”
Appellant’s car finally stopped when there was “some type of failure or something to the vehicle.” Appellant was taken into custody. In a search incident to arrest, Atwood found a “small bag of marijuana” on appellant.
During the initial police interrogation, appellant denied any involvement in the shooting of Boyd. When he later asked to *334 resume the interrogation, appellant explained he and Boyd had agreed to “rob a weed spot.” However, when they got there, they abandoned their plans because “too many people [were] present.” As they were leaving, they began to argue over some of appellant’s missing property. Appellant believed Boyd had stolen the items. He told Boyd he was going to keep Boyd’s gun, then in his possession, in exchange for the missing items. As they talked, “they got angry, [Boyd] got close and they started to struggle with the gun. [Appellant] said it went off three times while they were struggling.” Appellant told the police that, when he realized Boyd was dead, he went to Batey’s house and sold the gun.
At trial, appellant testified he lied in his statement to the police. He said the detective intimidated him into telling a false story about “this fight over the gun and the accidental shooting.”
ANALYSIS
Appellant contends the trial court erred in admitting evidence of his flight on September 12, 2000. Essentially, appellant argues that, to admit evidence of flight, the Commonwealth must prove a nexus between the “consciousness of guilt” and the specific crime charged. Appellant maintains the “outstanding warrants” and the marijuana found on him were plausible reasons for his flight that were unrelated to the murder.
“The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.” Blain v. Commonwealth, 7 Va.App. 10, 16, 371 S.E.2d 838, 842 (1988). “Evidence which ‘tends to cast any light upon the subject of the inquiry' is relevant.” Cash v. Commonwealth, 5 Va.App. 506, 510, 364 S.E.2d 769, 771 (1988) (quoting McNeir v. Greer-Hale Chinchilla Ranch, 194 Va. 623, 629, 74 S.E.2d 165, 169 (1953) (internal quotations omitted)).
Summerlin v. Commonwealth, 37 Va.App. 288, 293, 557 S.E.2d 731, 734 (2002).
*335 “Flight following the commission of a crime is evidence of guilt, and the jury may be so instructed.” Clagett v. Commonwealth, 252 Va. 79, 93, 472 S.E.2d 263, 271 (1996). Evidence of flight from authorities that occurred days, or even months, after a crime is admissible, as “[a]ny flight at a time when it may be to avoid arrest, prosecution, or confinement tends to show a consciousness of guilt.” Langhorne v. Commonwealth, 13 Va.App. 97, 103, 409 S.E.2d 476, 480 (1991).
We agree with appellant that, in order to show a “consciousness of guilt,” a nexus must exist between the flight and the alleged offense. See Jarrell v. Commonwealth, 132 Va. 551, 569, 110 S.E. 430, 436 (1922) (finding the trial court properly refused an instruction on flight as all the evidence indicated Jarrell left the county to join the army, pursuant to plans made prior to the homicide). The evidence must establish appellant had some knowledge that he might be a suspect in the killing.
This knowledge can be proven in a number of ways. For example, if a defendant fails to appear for trial or flees from the police after a capias had been issued for his failure to appear, then knowledge may be presumed. See, e.g., Langhorne, 13 Va.App. at 101-02, 409 S.E.2d at 479. Yet, introduction of evidence of flight does not depend upon issuance of a warrant. See Schlimme v. Commonwealth, 16 Va.App. 15, 18, 427 S.E.2d 431, 433-34 (1993) (ruling that leaving the scene of a homicide, prior to discovery of the crime by the police, is legitimate evidence of flight).[1]
In Schlimme, the defendant argued a flight instruction should not be given “because the Commonwealth did not show that he had any knowledge of the charges against him at the time he fled.” Id. at 19, 427 S.E.2d at 434. This Court rejected that argument because appellant admitted he was involved in the shooting and because the nature of the crime *336 was such “that the murderer would have known that the crime would be discovered soon after its commission.” Id.
As in Schlimme, appellant here admitted to the police that he was involved in the shooting, placing himself at the scene of the murder.[2] He knew the victim was dead. He knew the body would be discovered, given the area where the shooting occurred. He knew the police would conduct an investigation and suspicion would be directed at him. Thus, the evidence revealed that appellant had knowledge of the potential murder charge against him at the time he sped away from the officer.[3] A nexus existed between appellant’s flight from the police and the present offense.
While appellant argues his flight could have been the result of the outstanding warrants or his possession of marijuana, these potential multiple causes for the flight do not obviate the “consciousness of guilt” nexus with the murder. See, e.g., Leonard v. Commonwealth, 89 Va.App. 134, 571 S.E.2d 306 (2002) (affirming the admission of flight evidence where Leonard had several charges pending). Although some evidence incidentally disclosed appellant may have been guilty of other crimes, the evidence still proved consciousness of guilt related to this homicide. As this Court said in Langhome, “[An appellant] cannot avoid the inferences which the fact finder may draw from his actions because other charges were pending against him and he may also have been evading those *337 charges.” 13 Va.App. at 103, 409 S.E.2d at 480. As the First Circuit explained in discussing use of an alias as evidence of guilt:
Certainly we find little to commend defendant’s broad proposal to bar “alias” evidence whenever a defendant has committed more than one crime. Under it, the more crimes a person commits using an alias, the less able the prosecutor would be to use the alias as evidence. Such a rule would ignore the substantial possibility that the defendant is using the alias to evade detection for all of his crimes, including the one charged.
United States v. Boyle, 675 F.2d 430, 432-33 (1st Cir.1982).
Appellant relies on United States v. Myers, 550 F.2d 1036 (5th Cir.1977), to support his position that inadequate evidence of a nexus between his flight and the murder was presented by the Commonwealth. Myers used a four-pronged test to determine that the evidence of flight was more prejudicial than probative and, therefore, should be excluded. Id. at 1049. However, this case is distinguishable on its facts.[4]
Myers never admitted knowledge of the Florida robbery on which he was tried, id. at 1039, and nothing at trial proved he knew he was a suspect when he allegedly fled, id. at 1048. The appellate court also found the testimony did not support an inference that Myers fled from police. Id. at 1049-50. Here, appellant admitted he was at the scene and claimed he accidentally shot the victim while arguing over the gun. Clearly, he had knowledge of the crime. He does not argue the evidence was insufficient to prove flight occurred.
We conclude that, while appellant’s flight might have been attributable to several causes, “consciousness of guilt” could be inferred by the trial court if any one of those causes was the instant offense. Myers is not applicable to the facts of this case. See Leonard, 39 Va.App. at 151, 571 S.E.2d at 315; Langhorne, 13 Va.App. at 102, 409 S.E.2d at 480.
*338 Appellant also argues the trial court erred in allowing Officer Atwood to testify regarding the details of his flight, including his violations of the traffic code. At oral argument he contended this evidence was more prejudicial than probative. However, he did not object to the officer’s testimony on this ground at trial.
Generally, in order to preserve an argument for appeal, a specific objection must be made at trial, giving the trial court an opportunity to correct any error that may occur. See Clark v. Commonwealth, 30 Va.App. 406, 411-12, 517 S.E.2d 260, 262 (1999) (explaining that, by preserving one sufficiency argument, an appellant does not preserve additional sufficiency issues for appeal); Redman v. Commonwealth, 25 Va.App. 215, 220, 487 S.E.2d 269, 272 (1997) (noting that, if a trial court could have corrected the error, but no objection was made, then appellate courts should not consider the issue except in rare instances). Therefore, we will not consider appellant’s argument regarding the details of his flight. See Rule 5A:18.
We find the trial court did not abuse its discretion in admitting the evidence of appellant’s flight. We affirm the convictions.

Affirmed.

. In Schlimme, appellant did not object to the admissibility of flight evidence, only to an instruction on flight.

. Although appellant recanted his statement to the police when he testified at trial, we must examine the evidence in the light most favorable to the party prevailing below. See Martin v. Commonwealth, 4 Va.App. 438, 443, 358 S.E.2d 415, 418 (1987).

. During oral argument, appellant argued the trial court did not know about the confession when ruling on admission of the flight evidence. However, we consider the entire record on appeal, not just the evidence before the court at the time of the ruling. See Wells v. Commonwealth, 6 Va.App. 541, 548, 371 S.E.2d 19, 23 (1988) (" 'If the evidence given on the trial was sufficient, as we think it was, to sustain the introduction of the ... evidence, it is immaterial that there was an inadequacy of evidence when application was made for its return.' ” (quoting Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 69 L.Ed. 543 (1925) (ellipsis in original))).

. We make no ruling on the applicability of the Fifth Circuit's four-prong test to Virginia cases involving evidence of flight.