COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judges Petty and Chafin
Argued at Norfolk, Virginia

UNPUBLISHED

TEDDY LEON PARKER

v.     Record No. 1488-17-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
CHIEF JUDGE GLEN A. HUFF
NOVEMBER 20, 2018

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Timothy S. Fisher, Judge

Elizabeth G. McGehee, Assistant Public Defender (Robert Moody,
Deputy Public Defender, on brief), for appellant.

Craig W. Stallard, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Teddy Leon Parker ("appellant") appeals his convictions for possession of cocaine and

possession of marijuana, in violation of Code §§ 18.2-250 and 18.2-250.1. After a bench trial in

the Circuit Court of the City of Newport News ("trial court"), appellant was sentenced to a total

of ten years and thirty days in prison, with five years suspended. Appellant contends that the

trial court erred by denying his motion to strike because the evidence was insufficient to prove

that appellant was aware of the presence and character of the controlled substances. For the

following reasons, this Court affirms appellant's conviction.

I. BACKGROUND

On appeal, this Court "must review the evidence in the light most favorable to the

prevailing party at trial and consider any reasonable inferences from the facts proved." Viney v.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005). So viewed, the evidence is as follows.

At 3:30 a.m. on August 3, 2014, Officers J.T. Rosario and Ramon Quinones ("officers") of the Newport News Police Department were on patrol in the City of Newport News. As the officers approached an intersection, they noticed a white sedan in front of them accelerate and turn left, running a red light. The officers turned on their sirens, followed, and observed the sedan run another red light as it turned left again. After driving more than a block, the sedan ran up on the curb and into the yard of an apartment. Appellant opened the door and fled on foot. The officers left both vehicles unattended and chased appellant on foot, arresting him in a nearby apartment. After detaining appellant, the officers discovered he had an outstanding warrant. They also determined that appellant was not the registered owner of the vehicle.

As appellant was being arrested, Officer J.G. Stephens ("Stephens"), of the Newport News Police Department, arrived at the scene of the abandoned sedan. Stephens approached the vehicle and, using a flashlight in the rainy pre-dawn darkness, observed a partially open plastic grocery bag "in plain view" on the passenger's seat. Through the partially open top of the bag, Stephens observed what he believed to be marijuana and a white powdery substance inside. Stephens collected the bag and its contents, and submitted them to the police laboratory for testing.

At a bench trial on August 25, 2015, appellant stipulated the substances were marijuana and cocaine. At the conclusion of the Commonwealth's case appellant moved to strike the evidence on the ground that it was insufficient to prove he knew the substances in the bag were drugs. The trial court denied his motion. Appellant put on no evidence and renewed his motion to strike, which the trial court again denied. The trial court convicted appellant of possession of cocaine and possession of marijuana. On September 8, 2017, the trial court sentenced appellant

to ten years' incarceration, with five years suspended, for possession of cocaine and thirty days in jail for possession of marijuana. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews questions regarding the sufficiency of the evidence "with the highest 'degree of appellate deference.'" Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006). The judgment of the trial court will be reversed only upon a showing that it "is plainly wrong or without evidence to support it." Code § 8.01-680; see also Viney, 269 Va. at 299, 609 S.E.2d at 28. "An appellate court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). Instead, the only "relevant question is, after reviewing the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63 (2010). Such deference applies to the facts on record as well as inferences from those facts. Hancock v. Commonwealth, 12 Va. App. 774, 782, 407 S.E.2d 301, 306 (1991).

## III. ANALYSIS

Appellant argues the trial court erred by denying the motion to strike because the evidence was insufficient to prove that appellant was aware of the presence and character of the controlled substances. He further argues that the Commonwealth presented only circumstantial evidence that he was aware of the presence and character of the substances in the bag, and failed to exclude his reasonable hypothesis of innocence that he was unaware that the bag contained drugs and he fled from the police only because he had outstanding warrants.

To prove constructive possession, "the Commonwealth must show that the defendant was 'aware of both the presence and character of the substance and that it was subject to his dominion and control.'" Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984). This "may be proved by evidence of acts, declarations or conduct of the accused from which the inference may be fairly drawn that [the accused] knew of the existence of [the controlled substances] at the place where they were found." Hairston v. Commonwealth, 5 Va. App. 183, 186, 360 S.E.2d 893, 895 (1987) (quoting People v. Pigrenet, 186 N.E.2d 306, 308 (Ill. 1962)). The Court looks to the totality of the circumstances to determine knowledge of the presence and character of a substance. Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979).

Occupancy of a vehicle in which drugs are found may be probative of possession but is insufficient, standing alone, to establish knowledge of the nature and character of the drugs. Coward v. Commonwealth, 48 Va. App. 653, 658, 633 S.E.2d 752, 754 (2006) ("[W]hile 'occupancy of a vehicle . . . where illicit drugs are found is a circumstance that may be considered together with other evidence tending to prove that the occupant . . . exercised dominion and control over items in the vehicle' it is 'insufficient to prove knowing possession of drugs.'" (quoting Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992))).

Appellant relies almost entirely on Coward, 48 Va. App. 653, 633 S.E.2d 752, to support his claim that the Commonwealth failed to prove he was aware of the nature and character of the drugs found in the vehicle. In that case, Coward was a passenger in a car stopped by police at approximately 3:30 in the morning. Id. at 656, 633 S.E.2d at 753. During the stop, the officer, using a flashlight, observed cocaine in a clear bag in the center console of the car in plain view. Id. Neither Coward nor the driver made any movements towards the drug or attempted to

conceal it from the officer, and both remained in the vehicle during the stop until instructed otherwise. Id. This Court found that proximity to the drugs was insufficient to prove that Coward knew of the nature and character of drugs in the vehicle. Id. at 659, 633 S.E.2d at 754. The Court further noted Coward showed no other signs of guilty knowledge, and there was no evidence that the bag would have been visible to him without additional lighting. Id. at 659-60, 633 S.E.2d at 755. This Court found the evidence insufficient to establish constructive possession of the drugs and reversed Coward's conviction.

Appellant's reliance on Coward is misplaced because in this case the Commonwealth presented more evidence than "mere proximity." Although the sedan was not registered to appellant, he was the driver and sole occupant of the vehicle, not a passenger in a vehicle driven by someone else. While Stephens stated he used a flashlight to see into the bag on the passenger's seat because of the time of night and weather, this bag was partially open and in "plain view" on the passenger's seat, easily visible to appellant.

Furthermore, appellant fled the scene immediately upon seeing the police car, and ran from the vehicle on foot in a further effort to elude police. Evidence of flight may be used to infer guilt. In Ricks v. Commonwealth, 39 Va. App. 330, 573 S.E.2d 266 (2002), this Court held that "while [defendant's] flight might have been attributable to several causes, 'consciousness of guilt' could be inferred by the trial court if any one of those causes was the instant offense." Id. at 337, 573 S.E.2d at 269; see also Leonard v. Commonwealth, 39 Va. App. 134, 571 S.E.2d 306 (2002) (affirming the admission of flight evidence where defendant had several charges pending). Despite the fact that appellant had an outstanding warrant, the trial court was free to attribute his flight to his consciousness of guilt about the presence of the drugs.

This Court has also found that drugs are not likely to be accidentally placed in an area, concluding "settled principles provide that people do not relinquish control of items of value like

drugs or leave them in places where others might find them." Watts v. Commonwealth, 57 Va. App. 217, 233, 700 S.E.2d 480, 488 (2010); see also Ward v.Commonwealth, 47 Va. App. 733, 753 n.4, 627 S.E.2d 520, 530 n.4 (2006) ("Our cases recognize that drugs are a commodity of significant value, unlikely to be abandoned or carelessly left in an area."). A rational fact finder could infer that the drugs were not carelessly left in the vehicle by someone other than appellant.

The evidence in this case supports the trial court's conclusion that appellant was aware of the nature and character of the drugs in the car. Appellant was the driver and sole occupant of the vehicle. When pursued by officers, appellant immediately ran two red lights, abandoned the vehicle, and fled on foot for another block. Police recovered a bag from the front seat of the vehicle, in plain view of the appellant, that was partially open with suspected contraband visible through the opening. The trial court was free to infer that appellant was fleeing from the police because he knew the bag contained drugs. This evidence could lead a rational fact finder to conclude that appellant was aware of the nature and character of the substances in the bag. The trial court's conclusion was supported by the evidence and is not plainly wrong.

Appellant further claims the Commonwealth failed to exclude his reasonable hypothesis of innocence that he was fleeing from the officers because he had an outstanding warrant. This Court disagrees. Circumstantial evidence may be more compelling and persuasive than direct evidence and is entitled to just as much weight. Jett v. Commonwealth, 29 Va. App. 190, 194, 510 S.E.2d 747, 748-49 (1999). The Supreme Court of Virginia made this clear in Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003):

> The statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt . . . . The issue upon appellate review is not whether "there is some evidence to support" these hypotheses. The issue is whether a reasonable jury, upon consideration of all

the evidence, could have rejected [the defendant's] theories in his defense and found him guilty . . . beyond a reasonable doubt.

"Whether an alternate hypothesis of innocence is reasonable is a question of fact." Wood v. Commonwealth, 57 Va. App. 286, 306, 701 S.E.2d 810, 819 (2010) (quoting Emerson v. Commonwealth, 43 Va. App. 263, 277, 597 S.E.2d 242, 249 (2004)). Accordingly, a trial court's rejection of a hypothesis of innocence "is binding on appeal unless plainly wrong," Archer v. Commonwealth, 26 Va. App. 1, 12-13, 492 S.E.2d 826, 832 (1997), even if there is "some evidence to support" the hypothesis of innocence. Hudson, 265 Va. at 513, 578 S.E.2d at 785. The issue upon appellate review is simply whether a reasonable fact finder could have rejected appellant's hypothesis and found him guilty beyond a reasonable doubt. Id.

In this case, the trial court evaluated appellant's hypothesis and rejected it. When viewed in the light most favorable to the Commonwealth, the evidence in the record supports that decision. The drugs were found in plain view on the passenger seat in a car where appellant was the driver and sole occupant, and appellant fled from the police. The trial court was free to infer consciousness of guilt based on appellant's flight. Ricks, 39 Va. App. at 337, 573 S.E.2d at 269. Accordingly, the trial court's decision to reject appellant's hypothesis of innocence is not plainly wrong and this Court will not disturb it.

## IV.  CONCLUSION

The trial court's conclusion that appellant was aware of the presence and character of the drugs, and its decision to reject his alternate hypothesis of innocence, were both supported by the evidence and thus were not plainly wrong. Accordingly, this Court affirms appellant's conviction.

Affirmed.