COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, AtLee and Ortiz

EARL SYLVESTER TURNER

v.      Record No. 0948-23-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE DANIEL E. ORTIZ
OCTOBER 15, 2024

FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Victoria A.B. Willis, Judge[1]

(James Joseph Ilijevich, on brief), for appellant.

(Jason S. Miyares, Attorney General; Francis A. Frio, Senior
Assistant Attorney General, on brief), for appellee.

Following a bench trial, the Circuit Court of Stafford County convicted Earl Sylvester

Turner of possessing cocaine. By final order entered May 24, 2023, the trial court sentenced him to

four years' incarceration with two years suspended. On appeal, Turner challenges the sufficiency of

the evidence. After examining the briefs and record in this case, the panel unanimously holds that

oral argument is unnecessary because "the appeal is wholly without merit." Code

§ 17.1-403(ii)(a); Rule 5A:27(a). Because, looking at the surrounding circumstances, a

reasonable factfinder could conclude that Burgess possessed the cocaine discovered near him, we

affirm.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Judge Willis entered the final sentencing order. The Honorable Joseph J. Ellis presided
over Turner's bench trial.

BACKGROUND[2]

On the evening of December 20, 2020, Stafford County Sheriff's Sergeant Lucas Burgess responded to a report from a hotel employee that a vehicle in the hotel parking lot was "flashing [its] high beams at" guests. Burgess, who was in uniform, entered the parking lot and saw a Lexus sedan matching the description provided by the hotel employee. Burgess drove past the Lexus and saw Turner in the front passenger seat. By the time Burgess parked his patrol vehicle behind the Lexus and got out of the car, Turner was standing near the Lexus's passenger door.

Burgess asked Turner, "[H]ow are you?" and Turner responded, "Huh." Turner was "looking around" and "reaching toward[] his pocket." Burgess repeated the question. Turner did not respond, and five or six seconds later, Burgess directed Turner to "stop reaching" and to remove his hand from his pocket.

When Burgess said this, Turner ran past the hotel and down a hill toward a neighboring business. Burgess pursued him, and Turner tripped and fell after running about 30 yards. When Burgess apprehended Turner, Turner ignored Burgess's commands to place his hands behind his back. Instead, he "continuously dug toward[] his waistband." After another deputy arrived to assist Burgess, they placed Turner in handcuffs.

During the struggle, Burgess noticed a clear plastic bag containing a white "hard chunky substance" on the ground about three feet from Turner. When Burgess recovered the bag, he also saw a pipe nearby. After reading Turner his *Miranda*[3] rights, Burgess asked him about the bag

---

[2] On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

and the pipe. Turner responded that he "did not know what [Burgess] was talking about." When Burgess asked why Turner ran, he stated that he was "going down the hill to urinate."

Burgess then searched the Lexus. Burgess found half of an aluminum can in the passenger seat. The other half of the can, which contained white powdery residue, was on the ground outside the driver's door. Burgess also saw white residue on the Lexus's center console. Subsequent forensic analysis determined that the plastic bag recovered after the chase contained over four grams of cocaine.[4]

At trial, Burgess testified that the pipe he recovered contained an item called "Chore Boy" and that he found additional Chore Boy in the Lexus. Based on his training and experience, Burgess knew that Chore Boy was a common filter in pipes used to smoke crack cocaine. Burgess acknowledged that he did not see Turner remove anything from his pockets during the chase. His view of Turner was obscured during the chase, first by the vehicle and then after Turner went down the hill.

Turner testified that he and Ryan Wilson—whom Turner knew from the neighborhood— came to the hotel together to pick up a friend. He claimed that he exited the Lexus and went down the hill to urinate and denied "see[ing] a police officer." Turner claimed that he had "never seen" the bag of cocaine or the pipe. Turner also testified that he never saw Wilson use or possess cocaine.

At the close of all the evidence, Turner argued that the Commonwealth failed to prove that he possessed the bag of cocaine that Burgess recovered after the chase. The trial court found Burgess's testimony "highly credible" and Turner's testimony "incredible," and convicted Turner of

---

[4] The portion of the aluminum can found on the ground outside the Lexus contained cocaine residue; residue from the center console was not analyzed.

possessing cocaine.  Turner now appeals, arguing that the Commonwealth failed to prove that the bag of cocaine was "ever subject to his dominion or control."

ANALYSIS

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'"  *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)).  "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'"  *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)).  "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)).  "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'"  *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

To convict a defendant of possessing illegal drugs, "the Commonwealth must prove beyond a reasonable doubt that the accused was aware of the presence and character of the drug and that the accused consciously possessed it."  *Yerling v. Commonwealth*, 71 Va. App. 527, 532 (2020).  "A suspect's actual, physical possession of drugs permits the inference that he or she knowingly possessed them aware of their illegal nature and character."  *Morris v. Commonwealth*, 51 Va. App. 459, 466 (2008).  In proving possession—as with any other element—"[c]ircumstantial evidence is competent and is entitled to as much weight as direct evidence[,] provided that the circumstantial evidence is sufficiently convincing to exclude every

- 4 -

reasonable hypothesis except that of guilt." *Finney v. Commonwealth*, 277 Va. 83, 89 (2009) (second alteration in original) (quoting *Dowden v. Commonwealth*, 260 Va. 459, 468 (2000)).

Further, "[p]roof of actual possession is not required; proof of constructive possession will suffice." *Yerling*, 71 Va. App. at 532 (quoting *Walton v. Commonwealth*, 255 Va. 422, 426 (1998)). The Commonwealth may prove constructive possession by establishing "acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the [contraband] and that it was subject to his dominion and control." *Id.* (first alteration in original) (quoting *Drew v. Commonwealth*, 230 Va. 471, 473 (1986)).

As Turner notes, Burgess did not witness him physically possess the cocaine. But the circumstantial evidence, viewed in its totality, is sufficient to prove that Turner possessed the cocaine while aware of its illicit character. Burgess found the plastic bag of cocaine and the pipe three feet from where he and Turner struggled after Turner ran about 30 yards. Although Turner's proximity to the bag of cocaine in and of itself was "insufficient to establish possession, it is a factor that" a factfinder could consider in determining whether he possessed it. *Kelly v. Commonwealth*, 41 Va. App. 250, 261 (2003) (en banc) (quoting *Archer v. Commonwealth*, 26 Va. App. 1, 12 (1997)); *see also Brown v. Commonwealth*, 15 Va. App. 1, 9 (1992) (en banc).

Another such factor is the cocaine and drug paraphernalia found in and around the Lexus. Burgess saw Turner and Wilson together in the Lexus, and Turner confirmed that he and Wilson were acquaintances and came to the hotel together. After the chase, Burgess found half of an aluminum can in the Lexus's passenger seat; the other half of that can, which contained cocaine residue, was just outside the driver's door. He also found additional Chore Boy in the Lexus, like that found in the pipe near where Burgess handcuffed Turner. Turner notes that he did not own the Lexus, but viewed in the light most favorable to the Commonwealth, the evidence

- 5 -

established a connection between Turner and those items. That connection, in turn, strengthens the inference that Turner possessed the bag of cocaine found three feet from him.

Finally, a trier of fact could consider Turner's behavior following Burgess's arrival at the hotel. After Burgess drove his patrol vehicle past the Lexus and parked, Turner exited the Lexus. When Burgess tried to speak with Turner, Turner looked around and reached toward his pocket in a manner that Burgess found suspicious. After Burgess specifically directed Turner to stop reaching, Turner ran, covering about 30 yards before falling.

Based on this testimony, the trial court was entitled to find that Turner fled from Burgess. This Court and the Supreme Court of Virginia have held that a factfinder may consider a defendant's flight from a law enforcement officer as evidence of his consciousness of guilt. *See Jones v. Commonwealth*, 279 Va. 52, 57 (2010); *Ricks v. Commonwealth*, 39 Va. App. 330, 335 (2002); *see also Illinois v. Wardlow*, 528 U.S. 119, 124 (2000) (describing "unprovoked flight upon noticing the police" as "the consummate act of evasion" which is "suggestive" though "not necessarily indicative of wrongdoing"). A factfinder could conclude that Turner's suspicious behavior and subsequent flight from Burgess tends to show that Turner possessed the bag of cocaine, knew that the contents were contraband, and fled to prevent Burgess from discovering it.[5] Given that Burgess found the drugs three feet from where Turner fell during the chase, a rational factfinder could determine that Turner either dropped or threw away the drugs during the chase.

---

[5] For flight to evince a defendant's consciousness of guilt, the Commonwealth must establish a nexus between the flight and the charged crime. *Walker v. Commonwealth*, 79 Va. App. 737, 749 (2024). Here, a rational factfinder could conclude that Turner's possession of the cocaine was ongoing at the time of his flight. Moreover, Turner offered no alternative explanation for his flight; indeed his testimony—which the trial court discredited—was that he never saw Burgess arrive in his patrol car. *Compare Maxwell v. Commonwealth*, 275 Va. 437, 443 (2008) (concluding that the defendant could have fled from law enforcement "because he did not want to be questioned" about an allegedly bad check "rather than because he wanted to avoid being caught in possession of drugs").

In sum, the totality of the evidence—Turner's suspicious behavior and flight from law enforcement, his proximity to the contraband, the presence of additional cocaine and paraphernalia near the car Turner occupied, and the lack of any evidence suggesting an alternate source of the cocaine—excludes every reasonable hypothesis other than Turner's guilt. Turner had no burden to provide or prove an alternative explanation for how the bag of cocaine came to be three feet from where he struggled with Burgess after fleeing from him. But a rational factfinder viewing the evidence in the light most favorable to the Commonwealth could determine that the evidence supports no other conclusion other than that Turner possessed the cocaine and fled from Burgess to prevent Burgess from discovering it. Accordingly, the evidence supports Turner's conviction.

## CONCLUSION

Because the evidence was sufficient for the factfinder to find Turner guilty of possession of cocaine, we affirm the trial court's judgment.

*Affirmed.*