COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Malveaux and Raphael

UNPUBLISHED

STANLEY MCCOY RUFFIN

v.      Record No. 2040-23-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
OCTOBER 22, 2024

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

(Cole M. Roberts; Law Office of Eric Korslund, P.L.L.C., on brief),
for appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Linda R. Scott, Senior
Assistant Attorney General, on brief), for appellee.

Stanley McCoy Ruffin ("appellant") was convicted of two counts of possessing a

controlled substance, in violation of Code § 18.2-250; carrying a concealed weapon (second

offense), in violation of Code § 18.2-308; possessing a firearm while possessing a controlled

substance, in violation of Code § 18.2-308.4; possessing a firearm within ten years of a

non-violent felony conviction, in violation of Code § 18.2-308.2; and misdemeanor obstruction

of justice, in violation of Code § 18.2-460. Appellant challenges the sufficiency of the evidence

to sustain his convictions. After examining the briefs and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a). In addition, "the dispositive issue or issues have been

authoritatively decided," and the appellant "has not argued that the case law should be overturned,

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

extended, modified, or reversed." *See* Code § 17.1-403(ii)(b); Rule 5A:27(b). Accordingly, we affirm the trial court's judgment.

## I. BACKGROUND

"When presented with a sufficiency challenge in criminal cases, we review the evidence in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Commonwealth v. Cady*, 300 Va. 325, 329 (2021) (quoting *Commonwealth v. Hudson*, 265 Va. 505, 514 (2003)). This standard "requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Id.* (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

On October 17, 2022, Norfolk Police Detective S.W. Gilley encountered a stranded vehicle blocking a lane of Ballentine Boulevard. When Gilley asked the vehicle's driver for the registration, the driver opened the passenger side door, where appellant was sitting. Gilley saw appellant holding an open beer bottle. The driver moved his body and blocked Gilley's view of appellant, and when the driver moved away, Gilley could no longer see the bottle. Gilley asked about the bottle, and appellant handed it to him.

Gilley then asked for appellant's identification. Appellant appeared "extremely nervous" during their interaction, and Gilley found his "behavior . . . very concerning with how nervous he was." Unsure of why appellant was "acting so nervous," Gilley asked him to step out of the vehicle. Appellant "really didn't want to step out of the vehicle," and asked to shut the passenger door, but Gilley told him to leave the door open.

Because the vehicle was out of gas and presented a traffic hazard, Gilley planned to inventory the vehicle and then have it towed away. He called for other officers to come and help

manage the scene while he conducted the inventory search. Before the search, Gilley told appellant to sit on the curb, and appellant sat down by the vehicle's passenger side.

Gilley looked under the front passenger seat and saw a pill bottle and a firearm. He turned from the vehicle and approached appellant without saying anything to him about the items that were under the seat. Appellant immediately attempted to flee. He then wrestled with officers for nearly three minutes as he tried to avoid being handcuffed. Gilley described appellant's movements during this time as "an effort to continue to get away" by "pull[ing] away" and "trying to flee."

Inside the pill bottle, officers found various pills and small baggies that subsequent forensic analysis confirmed contained methamphetamine and cocaine.[1] At trial, the Commonwealth introduced into evidence a copy of the certificate of forensic analysis and a certified copy of appellant's 2015 convictions for felony drug distribution and carrying a concealed weapon.[2]

Appellant testified at trial and stated that the driver, whom he knew as "L," was a client of his construction company. He said that he had mounted a television for "L" and that "L" was driving him home because his vehicle's "battery went dead." Appellant acknowledged that he hid the beer bottle from police and was nervous when he encountered them because he was on probation. He also claimed he knew nothing about the items under his seat, and only learned of them after his arrest. Appellant did not see Gilley search under the seat. He denied he was

---

[1] Although appellant originally was charged with three counts of possessing a controlled substance, the Commonwealth conceded at trial that it had not proved the third offense because the certificate of analysis only showed two different controlled substances. The trial court accordingly granted a motion to strike one of the drug possession charges.

[2] Judge Junius P. Fulton, III presided over the 2015 proceedings in the circuit court. Subsequently elected to this Court, Judge Fulton did not participate in the consideration or resolution of this appeal.

trying to flee from the officers, claiming instead he was only "brac[ing]" himself because Gilley was "charging" at him.

Appellant argued that the evidence was insufficient to find him guilty of any of the offenses. He asserted that the evidence failed to prove that he knew of any of the items under his seat and that his testimony demonstrated he was not trying to obstruct the officers. The trial court rejected these arguments and convicted appellant.

This appeal followed.

## II. ANALYSIS

Appellant argues the trial court erred in denying his motion to strike the charges of possession of a controlled substance and possession of a firearm while in possession of a controlled substance.[3] He contends the evidence was insufficient to support those convictions, because it failed to "prove . . . that [he] was aware [of] or possessed the firearm or drugs."

"In this Court's review of the sufficiency of the evidence, we will not disturb the judgment of a [fact-finder] unless it is 'plainly wrong or without evidence to support it.'" *Davis v. Commonwealth*, 79 Va. App. 123, 147 (2023) (quoting Code § 8.01-680). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt

---

[3] Appellant also assigns error to the trial court for finding the evidence sufficient to convict him of carrying a concealed weapon, possessing a firearm within ten years of a non-violent felony conviction, and obstruction of justice. But on brief, he neither makes a specific argument nor cites legal authority addressing these claims, and instead confines himself to arguments challenging the sufficiency of the evidence that he simply possessed the drugs and the firearm. These additional assignments of error are therefore procedurally defaulted under Rule 5A:20(e), and we will not address them. *See* Rule 5A:20(e) (requiring that an appellant's opening brief contain "the argument (including principles of law and authorities) relating to each assignment of error"); *Conley v. Commonwealth*, 74 Va. App. 658, 681 (2022) ("'[W]hen a party's "failure to strictly adhere to the requirements of Rule 5A:20(e)" is significant,' this Court may treat the question as waived." (alteration in original) (quoting *Bartley v. Commonwealth*, 67 Va. App. 740, 744 (2017))); *Clark v. Commonwealth*, 78 Va. App. 726, 764-65 (2023) ("Unsupported assertions of error 'do not merit appellate consideration.'" (quoting *Bartley*, 67 Va. App. at 744)).

beyond a reasonable doubt.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

"There is no distinction in the law between the weight or value to be given to either direct or circumstantial evidence." *Hudson*, 265 Va. at 512. To the contrary, "the fact finder . . . 'is entitled to consider all of the evidence, without distinction, in reaching its determination.'" *Bagley v. Commonwealth*, 73 Va. App. 1, 26-27 (2021) (quoting *Commonwealth v. Moseley*, 293 Va. 455, 463 (2017)). "A conviction may rest on circumstantial evidence alone; in fact, 'in some cases circumstantial evidence may be the only type of evidence which can possibly be produced.'" *Commonwealth v. Garrick*, 303 Va. 176, 183-84 (2024) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)).

Possession of contraband may be actual or constructive. *Bagley*, 73 Va. App. at 27. Constructive possession can be established by "acts, statements, or conduct of the accused or other facts or circumstances which tend to show that [he] was aware of both the presence and character of the substance and that it was subject to his dominion and control." *Id.* (alteration in original) (quoting *Wilson v. Commonwealth*, 272 Va. 19, 27 (2006)). Although mere "proximity to [contraband] or ownership or occupancy of the premises where [contraband] is found" are not enough to prove constructive possession, "these are circumstances probative of possession and may be considered as factors in determining whether the defendant possessed" the contraband.

- 5 -

*Rawls v. Commonwealth*, 272 Va. 334, 350 (2006). "Ultimately, 'the issue [of what constitutes constructive possession] is largely a factual one' left to the trier of fact, not the appellate court." *Bagley*, 73 Va. App. at 28 (alteration in original) (quoting *Smallwood v. Commonwealth*, 278 Va. 625, 630 (2009)).

Here, the evidence was sufficient for a rational fact-finder to conclude appellant was aware of the presence[4] of the drugs and firearm that were under his car seat, and thus that he constructively possessed them. Appellant appeared "extremely nervous" to Gilley prior to his inventory search, "really didn't want to step out of the vehicle," and wanted to shut the passenger door. These facts support a reasonable inference that appellant was concerned Gilley would find the contraband under his seat. Then, after Gilley looked under the seat, discovered the pill bottle and firearm, and turned and approached appellant—but before Gilley said anything to appellant about what he had found—appellant attempted to flee. The trial court was entitled to view appellant's attempted "flight from law enforcement officers as evidence of his guilt and consciousness thereof." *Lucas v. Commonwealth*, 75 Va. App. 334, 347 (2022); *see also Ricks v. Commonwealth*, 39 Va. App. 330, 335 (2002) ("[A]ny flight at a time when it may be to avoid arrest, prosecution, or confinement tends to show a consciousness of guilt." (quoting *Langhorne v. Commonwealth*, 13 Va. App. 97, 103 (1991))). Although appellant explained his nervousness as the consequence of his active probationary status, and said he was not trying to flee from officers, but instead bracing himself for a "charge[]" by Gilley, "[i]n its role of judging witness credibility, the fact finder [was] entitled to disbelieve the self-serving testimony of [appellant] and to conclude that [he was] lying to conceal his guilt." *Maust v. Commonwealth*, 77 Va. App. 687, 703 (2023) (en banc) (first alteration in original) (quoting *Speller v. Commonwealth*, 69 Va. App. 378, 388 (2018)). Because the record

---

[4] Appellant's argument on brief is simply that the evidence was insufficient to prove his awareness of the presence of the firearm and drugs; it does not challenge his awareness of the character of that contraband.

supports the trial court's finding that appellant possessed the firearm and drugs found under his seat, the trial court did not err in denying appellant's motion to strike.

## III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment. But under Code § 8.01-428(B), we remand this case to the trial court to correct the portion of the sentencing order that incorrectly states appellant was found guilty of indictment CR23000280-05.[5]

*Affirmed and remanded.*

---

[5] The record establishes that the trial court granted a motion to strike that indictment during trial, and the second page of the sentencing order confirms that appellant was acquitted of that offense. Including that indictment among the list of offenses for which appellant was convicted is thus a clerical error subject to correction by the trial court. *See* Code § 8.01-428(B).